[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14176

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NNAMDI MARCELLUS MGBODILE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00439-MLB-JKL-1

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Nnamdi Mgbodile appeals his convictions and total sentence of 156 months' imprisonment for bank fraud, money laundering, and conspiracy to commit bank fraud.  First, he argues that the district court erred by not providing an entrapment instruction to the jury as he raised more than a scintilla of evidence indicating that a government agent induced him to commit an offense.  Next, he argues that the district court erred in holding him accountable for a total loss of over $6 million when the district court's loss calculation included intended losses and funds that were returned to victims.  Next, he argues that the district court erred in imposing an enhancement for his role as an organizer or leader of the offense because he did not organize underlying fraudulent conduct.  Finally, Mgbodile argues that his within-the-Guidelines sentence is procedurally and substantively unreasonable because the district court clearly erred in assessing his role in the offense, violated his Fifth Amendment right against self-incrimination, and abused its discretion in considering his personal history and characteristics. For the reasons explained below, we **AFFIRM** the district court.

## I.

We review de novo the district court's refusal to provide a defendant's requested entrapment jury instruction. *United States v. Dixon*, 901 F.3d 1322, 1346-47 (11th Cir. 2018).  Whether an entrapment instruction is proper depends on whether "there is sufficient

evidence from which a jury could find entrapment." *Id.* at 1347 (citation omitted). Failure to provide an instruction where the defendant has properly shown sufficient evidence of entrapment is reversible error. *United States v. Mayweather*, 991 F.3d 1163, 1176 (11th Cir. 2021) (quotation marks and citation omitted).

An entrapment defense "consists of two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Id.* at 1176 (quotation marks omitted). The defendant has the "initial burden of producing sufficient evidence of government inducement." *Id.* "[T]o determine whether a defendant has produced enough evidence to merit an entrapment defense and a jury instruction, we look only at whether there was sufficient evidence produced to raise the issue of government inducement." *Id.*

To meet his initial burden of production, "the defendant must merely come forward with some evidence, more than a scintilla, that government agents induced him to commit the offense." *Id.* (quotation marks omitted). We accept the testimony most favorable to the defendant. *Id.* However, the defendant must show more than the government's presentation of an "attractive" opportunity to commit an offense. *Id.* at 1177. Rather, inducement "requires an element of persuasion or mild coercion," such as a showing "that the defendant had not favorably received the government plan, and the government had to push it on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate." *Id.* (quotation

marks omitted).  This test is considered "an opportunity *plus* some added government behavior that aims to pressure, manipulate, or coerce the defendant into criminal activity."  *Id.* (emphasis in original).

Once the defendant meets his initial burden, the entrapment question becomes a factual issue for the jury to decide, and an instruction should be proffered.  *Id.* at 1176.  At that point, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime.  *Id.*

Here, there was no indication that Mgbodile felt coerced to participate in the scheme.  After the cooperating witness proposed the scheme, Mgbodile initiated contact with and instructed the cooperating witness in how to conduct the scheme.  Given the lack of evidence that the cooperating witness made Mgbodile feel like he needed to be involved in the scheme, the district court did not err in determining that Mgbodile failed to show government inducement to engage in the scheme.  Therefore, we affirm as to this issue.

## II.

We generally review a district court's application of the Guidelines de novo and its factual findings for clear error.  *United States v. Grant*, 397 F.3d 1330, 1332 (11th Cir. 2005).  We "may affirm on any ground supported by the record."  *United States v. Dudley*, 5 F.4th 1249, 1256 (11th Cir. 2021) (quotation marks omitted).

For purposes of Guidelines enhancements, within a criminal conspiracy, the acts of one co-conspirator may be imputed to other co-conspirators if the acts were reasonably foreseeable and furthered the joint criminal activity even if the defendant did not personally take the action asserted in a certain Guidelines enhancement. *United States v. Singh*, 291 F.3d 756, 761–62 (11th Cir. 2002). "To determine whether a defendant is liable for the acts of co-conspirators, the district court must first make individualized findings concerning the scope of criminal activity undertaken by the defendant," after which the district court may determine whether the co-conspirators' acts were reasonably foreseeable. *United States v. Moran*, 778 F.3d 942, 974 (11th Cir. 2015). The Guidelines provide that a defendant is responsible for relevant conduct in "jointly undertaken criminal activity," regardless of whether the defendant was charged as a co-conspirator, if others' actions (1) occurred "within the scope of the jointly undertaken criminal activity"; (2) occurred "in furtherance of that criminal activity"; and (3) were "reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

The 2018 Guidelines provide an 18-level offense level increase if the losses of an offense were more than $3,500,000 but less than $9,500,000. *Id.* § 2B1.1(b)(1)(J). The Guidelines' commentary specifies that, subject to some exclusions, "loss is the greater of actual loss or intended loss." *Id.* § 2B1.1, comment. (n.3(A)). The Guidelines define an "actual loss" as a "reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* § 2B1.1, comment. (n.3(A)(i)). Intended losses, however, include "the pecuniary

harm that the defendant purposely sought to inflict," including "intended pecuniary harm that would have been impossible or unlikely to occur (e.g., as in a government sting operation." *Id.* § 2B1.1, comment. (n.3(A)(ii)). The government must prove the loss amount by a preponderance of the evidence. *United States v. Foley*, 508 F.3d 627, 633 (11th Cir. 2007).

Here, because Mgbodile knowingly laundered hundreds of thousands of dollars through a variety of frauds, the district court did not err in finding that he knew of the general extent of the frauds being committed and holding him accountable as a co-conspirator for more than $3.5 million in actual losses. The timing of the victim's payments in relation to payments made to international accounts and accounts under Mgbodile's control, and the division of payments to numerous different accounts, indicated that Mgbodile knew that he was involved in at least one extensive fraudulent scheme. Mgbodile does not deny that the victim's actual losses exceed the $3.5 million necessary to trigger the Guidelines' 18-level enhancement, so we need not address whether the district court erred in considering intended losses or returned funds. Therefore, we affirm as to this issue.

## III.

We review for clear error the imposition of an aggravating-role enhancement. *United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009). Under U.S.S.G. § 3B1.1, a defendant receives a four-level increase if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise

extensive." The defendant must have been the organizer or leader of one or more participants in the offense. *Id.* comment. (n.2). In determining whether a defendant was a leader or organizer, as opposed to a less culpable manager or supervisor, courts should consider the defendant's (1) exercise of decision making authority; (2) nature of participation in the offense; (3) recruitment of co-conspirators; (4) claimed right to a larger share of the proceeds of the offense; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the activity; and (7) the degree of control exercised over others. *Id.* comment. (n.4). The Guidelines provide that there may be more than one person who qualifies as a leader or organizer of a conspiracy. *Id.*

Here, the district court did not clearly err in increasing Mgbodile's offense level due to his role as an organizer or leader in extensive criminal activity. Mgbodile directed and paid others to open bank accounts, some of which were used to receive fraudulent funds; paid bank employees to facilitate fraud; orchestrated the operation of an account designed to receive fraudulent funds; and passed only a small percentage of his takings to the participants whom he recruited. Considering this evidence, the district court did not clearly err and it is immaterial that Mgbodile may not have personally conducted every part of the offense. We affirm as to this issue.

## IV.

An appellate court normally reviews the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38,

41 (2007).  However, we review for plain error procedural sentencing issues raised for the first time on appeal.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To show plain error, the defendant must show "(1) that the district court erred; (2) that the error was 'plain'; and (3) that the error affected his substantial rights."  *Id.* (quotation marks omitted; alterations adopted).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the Guidelines range.  *Gall*, 552 U.S. 51.  We ensure that the district court treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the sentence.  *Id.*  The district court may base its factual findings on, among other things, evidence presented at trial, undisputed statements in the presentence investigation report ("PSI"), and evidence presented at the sentencing hearing.  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).  Under plain error review, a district court's consideration of an improper § 3553(a) factor does not affect a defendant's substantial rights if he fails to show that his sentence would have been different but for that improper consideration.  *Vandergrift*, 754 F.3d at 1312 (determining that the district court's improper consideration of the defendant's rehabilitative needs did not affect his substantial rights because it was only a minor part of the court's reasoning).

Although the Fifth Amendment prevents a district court from making a negative inference based on a defendant's silence at

sentencing, *Mitchell v. United States*, 526 U.S. 314, 328 (1999), 526 U.S. at 328, a sentencing court "may take into account a defendant's freely offered statements indicating a lack of remorse," *United States v. Stanley*, 739 F.3d 633, 652 (11th Cir. 2014).

The district court's "unjustified reliance on a single factor may be a symptom of an unreasonable sentence." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation marks omitted). However, a sentence is substantively unreasonable only when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted). We "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor," *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015), and the district court may "attach great weight to one factor over others," *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks omitted).

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256. We will vacate a district court's sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence

that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). A sentence within the Guidelines range "is a strong indication of reasonableness." *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023).

Here, the district court did not impose a procedurally or substantively unreasonable sentence. Despite Mgbodile's contentions, the district court did not base his sentence on clearly erroneous facts. As discussed above, the district court did not err in finding that he was a leader in the offense, so it did not err in weighing that against him in the § 3553(a) factors. The district court also did not impede Mgbodile's right to allocute because it allowed him to speak freely, and the district court was not required to interpret his allocution in the way most favorable to him. *See Mitchell*, 526 U.S. at 328. Additionally, the district court's consideration of Mgbodile's lack of remorse reflected a proper application the § 3553(a) deterrence factor. Finally, the district court was entitled to weigh Mgbodile's personal experiences against him, even if he wanted the district court to weigh those experiences in his favor. *See Perkins*, 787 F.3d at 1342. Accordingly, we affirm.

**AFFIRMED.**