[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10948

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAMMIE EUBANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:21-cr-00049-WLS-TQL-1

_____

Before NEWSOM, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Sammie Eubanks appeals his 57-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the time of his § 922(g) firearm offense in 2019, Eubanks was on state probation. The state court revoked Eubanks' probation and imposed a four-year state sentence, which he was still serving at the time of his federal sentencing in 2023.

At his federal sentencing, the district court imposed a 57-month sentence, within the advisory guidelines range of 51 to 63 months. The district court ordered that the 57-month sentence run concurrent to the undischarged portion of the state sentence (which had approximately six months left). On appeal, Eubanks argues his 57-month sentence is substantively unreasonable because the district court improperly weighed the sentencing factors, focused primarily on his criminal history, and failed to give adequate consideration to the more than three years he spent in custody before his federal sentencing, either in state custody or in federal pretrial detention. After review, we affirm Eubanks' sentence.

# I.  BACKGROUND FACTS

## A.    2019 Offense Conduct and State Probation Revocation

In August 2019, police officers responded to reports of a domestic dispute at a residence in Valdosta, Georgia.  During their investigation, officers encountered Eubanks, who matched the reported description of the man involved in the domestic dispute.  Initially, Eubanks gave officers a fake name.  Eubanks later admitted to the officers that he and his girlfriend had a verbal dispute.

As the officers questioned Eubanks, his girlfriend approached, and Eubanks began to back away.  To prevent Eubanks from fleeing, the officers grabbed him and pulled him to the ground.  While the officers struggled to place Eubanks in handcuffs, Eubanks threw a loaded firearm from his body to the ground.  After restraining Eubanks, officers found bullets for the firearm in the backpack Eubanks was wearing.

At the time, Eubanks was a convicted felon.  Specifically, in 2012, Eubanks pled guilty in Georgia state court to robbery by intimidation and aggravated assault.  Eubanks was still on probation for these prior state convictions when in August 2019, the officers discovered the firearm and ammunition in his possession.  As a result, in January 2020, Eubanks' state probation was revoked, and later he was ordered to serve four years in state prison.

**B.    2022 Federal Charge and Guilty Plea**

Meanwhile, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") examined the firearm that was found in Eubanks' possession in August 2019.  The ATF agents determined that the firearm was manufactured in California and therefore had traveled in interstate commerce to reach Georgia.

On October 14, 2021, a federal indictment was filed charging Eubanks with the current § 922(g) firearm offense.  A federal arrest warrant was issued on October 14, 2021.

On June 7, 2022, Eubanks was arrested on the federal warrant at Wilcox State Prison.  Pursuant to a writ of habeas corpus ad prosequendum, Eubanks was moved to federal custody.  At his initial appearance on June 9, Eubanks consented to pretrial detention in his federal case in light of the fact that he was still serving a state sentence anyway.  Accordingly, the district court ordered Eubanks to be detained in federal custody pending trial.

In September 2022, Eubanks pled guilty as charged in the federal indictment without a plea agreement.

**C.    Presentence Investigation Report**

Eubanks' presentence investigation report ("PSI") calculated a total offense level of 17 and a criminal history category of VI. Eubanks' criminal history category was based on eleven criminal history points for prior criminal convictions, including possession of marijuana, serious injury by vehicle, battery-family violence,

and criminal trespass in addition to the 2012 robbery by intimidation and aggravated assault convictions.

Pursuant to U.S.S.G. § 4A1.1(d), the PSI added two more criminal history points because Eubanks committed the current § 922(g) firearm offense while on probation for the 2012 Georgia convictions. The resulting advisory guidelines range was 51 to 63 months' imprisonment.

Eubanks did not object to the PSI's facts or guidelines calculations.

### D.    2023 Sentencing

At Eubanks' March 2, 2023 sentencing, the district court confirmed that Eubanks had no objection to the PSI. The district court determined that the advisory guidelines range was 51 to 63 months, as calculated by the PSI.

The government requested a sentence at the top of the advisory guidelines range, citing Eubanks' criminal history, which included convictions for violent crimes and prior violations of state probation, and Eubanks' provision of a fake name to officers before the firearm and ammunition were discovered.

During allocution, Eubanks accepted full responsibility for his actions and asked the court for compassion, stating that he was "not the same person" he was in 2019, when he was first arrested for violating his state probation.

Eubanks asked for a 40-month sentence, a variance below the guidelines range. In mitigation, Eubanks stressed that: (1) his

verbal dispute with his girlfriend was non-violent and did not involve the firearm; (2) he had a difficult upbringing and lost his birth parents to incarceration at an early age; (3) the majority of his past criminal conduct and probation violations occurred when he was 18 or 19 years old; (4) while previously incarcerated, he obtained his GED; (5) he had an eleven-year-old daughter he wanted to build a relationship with upon his release; and (6) during his almost four years in state custody since his 2019 arrest, Eubanks had "done a lot of self-reflection," had matured, and had not smoked marijuana or taken any other drugs.

At his March 2, 2023 sentencing, Eubanks also pointed out that he was still serving his state sentence, which had approximately six months remaining. Eubanks asked the district court to run his federal sentence concurrently so that he could go "straight into federal custody where he'll be able to take advantage of whatever programs the [Federal] Bureau of Prisons has . . . that will help him when he gets out on supervised release." Eubanks also asked the district court to consider the fact that he had "been in custody for the past three years and seven months" and that, although his offense occurred in August 2019, he was not brought to federal court until June 2022.

After considering the PSI, the advisory guidelines range, and the 18 U.S.C. § 3553(a) sentencing factors, the district court imposed a 57-month sentence. The district court explained that it was "struck" by the fact that, while most of Eubanks' prior criminal conduct took place earlier in his life, he was "only 29 now" and was

at a criminal history category VI, the highest category. The district court also stressed that some of Eubanks' prior offenses were "pretty serious and resulted in harm," including a vehicular offense in which the struck pedestrian lost the use of his legs. The court highlighted Eubanks' state probation violations, including one for failing to comply with compulsory anger management treatment and stated that "looking across [Eubanks'] cases anger was clearly a contributory factor to some of [his] conduct."

The district court expressed concern that Eubanks' current offense stemmed from a domestic dispute, noting that domestic disturbances can often "turn into something . . . much bigger or worse." The court acknowledged, however, that Eubanks did not use the firearm during his dispute with his girlfriend and that Eubanks had "admitted [he] had no business with a firearm." The district court stated that although a sentence at the top of the advisory guidelines range could easily be justified, a "midlevel sentence" was appropriate given Eubanks' forthrightness and acceptance of responsibility.

As for Eubanks' request to run his federal sentence concurrent to the state sentence he was still serving, the district court recognized that Eubanks had been in state custody since 2019. The court stated that Eubanks should be punished for his federal crime "independent of and not necessarily overlapping of the other conduct for which you've been in custody." The district court ordered Eubanks' 57-month sentence to run "concurrent as of the entry of [the federal] judgment."

Further, the district court clarified that the federal sentence was "not intended to relate back to the beginning of [Eubanks'] state sentence," but instead would "overlap that remaining part of [his] sentence that [he] might have in state custody." The district court opined that "in view of that [state] sentence expected to be ended this year . . . there's adequate remaining sentence under the federal sentence that takes into account adequate[] punishment for the federal offense." Eubanks objected to the substantive reasonableness of his sentence.

On March 6, 2023, the district court entered the judgment ordering Eubanks' 57-month sentence "to run concurrent to the undischarged terms of imprisonment" imposed by the Georgia court in his 2012 criminal case for his 2019 violation of probation, "beginning from the entry of this [federal] judgement [sic]."

## II.  DISCUSSION

### A.    Substantive Reasonableness

"We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances." *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). As the party challenging the sentence, Eubanks bears the burden of establishing that his sentence is substantively unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *Id.*; *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).[1]

---

[1] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need

A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Our review of the substantive reasonableness of a sentence involves "examining the totality of the circumstances." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We will only vacate a sentence as unreasonable if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

District courts have "discretion to decide how much weight to give each § 3553(a) factor." *Williams*, 526 F.3d at 1323. And while the district court is required to consider all § 3553(a) factors, it is permitted to attach "great weight" to one factor over others.

---

for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the applicable Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities; and (10) the need to provide restitution to the victims. 18 U.S.C. § 3553(a).

*United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation marks omitted). "Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). We ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018).

## B.    Eubanks' 57-Month Sentence

On appeal, Eubanks argues his 57-month sentence is substantively unreasonable because the district court did not properly consider or give sufficient weight to the more than three years Eubanks was in state custody "for the same federal offense conduct" or to the nine-month period Eubanks was in federal pretrial detention—between June 7, 2022, when he was moved from state custody to federal custody, and March 2, 2023, when he was sentenced. Instead, Eubanks contends, the district court "placed primary focus on [his] criminal history."

Eubanks has not shown that his 57-month sentence is substantively unreasonable. During Eubanks' sentencing hearing, the district court stated that it had considered the § 3553(a) factors and the advisory guidelines range. The district court specifically noted Eubanks' significant criminal history that was amassed by the age of 29 and involved serious crimes, some of which had harmed others. The district court also listened to and acknowledged Eubanks' arguments in mitigation, placing

particular emphasis on the fact that Eubanks had not used the firearm during his dispute with his girlfriend and readily admitted he should not have possessed the firearm. Indeed, the district court cited Eubanks' forthright acceptance of responsibility for its decision to impose a sentence in the middle of the advisory guidelines range rather than the top. And the fact that Eubanks' sentence falls within the advisory guidelines range is another sign of its reasonableness. *See Foster*, 878 F.3d at 1309.

The district court also explicitly considered Eubanks' request for a concurrent sentence to account for his roughly four years in state custody, which included his nine months in federal pretrial detention awaiting federal sentencing. Thus, the record belies Eubanks' claim that the district court "failed to properly weigh" this factor. Eubanks argues the district court placed too much weight on his criminal history, but the district court was within its discretion to do so. *See Rosales-Bruno*, 789 F.3d at 1263; *Overstreet*, 713 F.3d at 638.

Further, the district court was within its discretion to run Eubanks' federal sentence concurrent with only the undischarged portion of his state sentence (which had approximately six months left) and to begin his federal sentence from the entry of the judgment of conviction on March 6, 2023. *See* 18 U.S.C. § 3584(a) (providing terms may run concurrently or consecutively to other undischarged terms to which the defendant is already subject); U.S.S.G. § 5G1.3(d) (providing that sentences may "run concurrently, partially concurrently, or consecutively to the prior

undischarged term of imprisonment to achieve a reasonable punishment for the instant offense").

In fact, the district court explained its decision to run Eubanks' 57-month sentence "partially concurrent" with his state sentence and "as of the entry of the judgment," stating that it was necessary to provide independent punishment for Eubanks' federal firearm offense, which is separate conduct from his state probation violation.[2]  The district court's decision to impose the 57-month sentence concurrent with only the undischarged portion of his state sentence and as of the entry of the federal judgment on March 6, 2023 was not an abuse of discretion.

**AFFIRMED.**

---

[2] Eubanks' appeal brief states in passing that the district court "declined to give [him] credit for the months he sat in federal custody" and complains "that the Bureau of Prisons will not give credit" for this time.  However, Eubanks' brief does not raise any procedural error as to the district court's imposition of his sentence or argue that the district court erred by failing to give him "credit" for his time in federal pretrial detention.  We note, in any event, that the Bureau of Prisons, not the sentencing court, calculates credit for time in pretrial detention that has not been credited against another sentence.  *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (holding 18 U.S.C. § 3585(b) does not authorize the district court to compute the amount of credit at sentencing).