[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-12662

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER E. HOFFMAN,

Defendant- Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00065-MCR-1

————————————————

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Earl Hoffman appeals his conviction after a bench trial and sentence for engaging in a child exploitation enterprise ("CEE"), in violation of 18 U.S.C. § 2252A(g).  He argues that the evidence is insufficient to support his conviction.  Hoffman also argues that his life sentence is substantively unreasonable because the district court relied on impermissible factors and balanced permissible factors unreasonably.

I.

We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).

Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt.  *Id.* at 1284-85.  It is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether the district court reasonably could have acquitted, but whether it reasonably could have found the defendant guilty.  *Id.* at 1285.  Although the evidence need not exclude every reasonable hypothesis of innocence, a conviction will not be affirmed if it is based on "conjecture."  *United States v. Toler*, 144 F.3d 1423, 1433 (11th Cir. 1998).  The test for sufficiency is the same, whether or not the evidence is direct or circumstantial, but

where the government relied on circumstantial evidence, reasonable inferences must support the conviction. *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015).

To support a CEE conviction, the government must prove beyond a reasonable doubt that (1) the defendant committed three separate predicate offenses involving the sexual exploitation of a minor; (2) the offenses involve more than one victim; and (3) the defendant committed the offenses in concert with three or more persons. 18 U.S.C.A. § 2252A(g); *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010).

Receiving child pornography is a qualifying predicate offense. 18 U.S.C. § 2252A(a), (g). "A person knowingly receives child pornography under 18 U.S.C. § 2252A(a)(2) when he intentionally views, acquires, or accepts child pornography on a computer from an outside source." *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011) (quotation marks omitted).

Here, the government's evidence is sufficient to support a reasonable trier of fact's conclusion that Hoffman viewed child pornography posted to the group chat, establishing a third predicate offense to support his CEE conviction.[1] 18 U.S.C. § 2252A(a)(2); *see Martin*, 803 F.3d at 587; *see also Jiminez*, 564 F.3d at 1284-85. Although the government's witnesses could not say with certainty

---

[1] Hoffman conceded that that there was sufficient evidence that he had posted two videos to the Kik groups so there were two of the required three predicates.

whether Hoffman viewed the illicit videos and images, the evidence showed that 6 videos discovered on Hoffman's phone visually matched videos posted to the group chat. *See Martin*, 803 F.3d at 587; *see also Jiminez*, 564 F.3d at 1284-85. This evidence is particularly damaging, considering that Hoffman failed to present any evidence showing that he acquired child pornography from sources other than Kik.

The evidence further showed that, on May 25, Hoffman posted two messages to the private group chat—an informal greeting and a perceived threat of sexual abuse—and that, in between those two messages, other group members posted child pornography to the chat. As the district court explained, Hoffman's second message about "teaching" his daughter and "introduce[ing]" her to new things only makes sense if Hoffman had viewed the child pornography posted after he made his initial greeting. This is all the more true, considering the private group's primary reason for being was the sharing of child pornography. Even if this Court considers Hoffman's hypothesis that he was away from his computer when the child pornography was posted, and that he somehow did not see any of the previous posts when he posted his second message, that would still not be enough to reverse the district court's reasonable finding of guilt on this issue. Although the government's evidence is circumstantial, the district court's finding that Hoffman viewed child pornography posted in the group chat is based on reasonable inferences, not conjecture. *See Martin*, 803 F.3d at 587; *see also Toler*, 144 F.3d at 1433.

There is also sufficient evidence to support a finding that Hoffman acted in concert with 3 or more persons to commit his crimes. 18 U.S.C.A. § 2252A(g); *Jiminez*, 564 F.3d at 1284-85. First, the evidence showed that over 60 users belonged to the Kik groups while Hoffman was a member. Second, although Officer Reid was able to circumvent the group's vetting process, that does not negate the fact that Hoffman adhered to the group's rules by sharing 2 child pornography videos to gain membership in the group. Finally, although Hoffman argues that like-minded individuals often behave similarly, without prior coordination, that is not the scenario presented here. The evidence showed that whenever a vigilante infiltrated the private group, shutting it down, the group's administrator would create a new group chat, inviting any vetted members to migrate to the new group. During the investigation, Hoffman migrated to several different child pornography group chats. Thus, from the time that he was first admitted into the private group, and through his multiple migrations to new private groups, it would have been impossible for him to share, and view, child pornography without acting in concert with the group's administrators and other members. 18 U.S.C.A. § 2252A(g); *see Jiminez*, 564 F.3d at 1284-85.

## II.

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging a sentence bears the burden of

proving that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). The proper factors are set out in § 3553(a) and include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *Rosales-Bruno*, 789 F.3d at 1254. Given the deferential nature of appellate review, there "is an expectation of reasonableness when a district court imposes a sentence within the applicable Guidelines range." *Wayerski*, 624 F.3d at 1353.

For purposes of sentencing, the district court's factual findings may be based on undisputed statements in the probation officer's presentence investigation report. *United States v. Oudomsine*, 57 F.4th 1262, 1265 n.1 (11th Cir. 2023).

Finally, in its sentencing analysis, the district court may consider aggravating conduct that is unconnected to the instant offense when it is "directly germane" to the § 3553(a) factors. *United States v. Overstreet*, 713 F.3d 627, 637 (11th Cir. 2013).

Here, Hoffman's within-guideline-range sentence is substantively reasonable. *See Wayerski*, 624 F.3d at 1353. Hoffman's argument—that the district court sentenced him to life imprisonment to prevent his stepdaughter from having to testify in a state court proceeding—is not supported by the record. Although the district court stated that it had a "judicial duty" to take notice of Hoffman's pending state charges, it emphasized that "[t]he state court [would] see fit to do what the state court elect[ed] to do with the state charge." A careful review of the district court's sentencing analysis shows that the district court based its sentence on Hoffman's admissions[2] to the underlying conduct in his pending state case: Hoffman's ongoing, hands-on, sexual abuse of his minor, autistic stepdaughter. Because Hoffman failed to object to these admissions, which were in the presentence investigation report, the district court properly relied on these factual findings for sentencing.[3] *Oudomsine*, 57 F.4th at 1265 n.1.

---

[2] These admissions were made during the investigation of this federal case, as reported in the PSI ¶ 61.

[3] Indeed, Hoffman's brief on appeal concedes that the district court was permitted to consider the conduct underlying the pending state charge as one of the § 3553 factors. *See* Appellant Brief at 47.

Hoffman's argument that the district court gave undue weight to his hands-on abuse of his minor, autistic stepdaughter is also unpersuasive because the weight given to any factor is committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254. Further, although Hoffman's abuse admissions were not necessary to prove his CEE offense, the district court could still consider that aggravating conduct because it was "directly germane" to several § 3553(a) factors. *Overstreet*, 713 F.3d 627, 637.

Moreover, the court also did not place undue weight on this factor. The fact that Hoffman molested his minor, autistic stepdaughter not only casts a very negative light on his character, but also demonstrates the need for a long sentence to protect the public from the defendant. See 18 U.S.C. § 3553(a). Further, Hoffman's crime was especially heinous considering that his stepdaughter's autism made her particularly vulnerable, the abuse was ongoing, and he essentially blamed the victim for his actions. *See id*. Hoffman's conduct showed a complete disregard for the welfare and safety of children, which made his participation in a child exploitation enterprise all the more troubling. *See id*.; *see also Overstreet*, 713 F.3d at 637.

The district court's determination warrants deference, even if we would not have reached the same conclusion. *Rosales-Bruno*, 789 F.3d at 1256; *Irey*, 612 F.3d at 1189. Moreover, because Hoffman's sentence is within the guidelines range, there is an expectation of reasonableness. *Wayerski*, 624 F.3d at 1353. Thus, Hoffman

23-12662                Opinion of the Court                9

has failed to show that the district court abused its discretion in weighing the § 3553(a) factors.

**AFFIRMED.**