[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12454

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM JOSEPH CARLYLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:21-cr-00045-TES-CHW-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

William Carlyle appeals his 66-month sentence of imprisonment for possession of child pornography. He argues that his sentence is substantively unreasonable because it falls within the range prescribed by U.S.S.G. § 2G2.2, a provision of the Sentencing Guidelines that he claims is fundamentally flawed because it provides enhancements for specific offense characteristics that are present in most child pornography cases and thus creates unwarranted sentencing disparities.

We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *See United States v. Daniels*, 91 F.4th 1083, 1093 (11th Cir. 2024) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). The party challenging the sentence has the burden of showing a sentence is substantively unreasonable. *See United States v. Caldwell*, 81 F.4th 1160, 1185 (11th Cir. 2023) (quotation marks omitted).

Under 18 U.S.C. § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). The court also must consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant, the sentences

available, the applicable guideline range, pertinent policy statements issued by the Sentencing Commission, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *See id.*

The weight given to each § 3553(a) factor "is committed to the sound discretion of the district court." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). We will not second guess the weight given to a § 3553(a) factor if the sentence is reasonable under the circumstances. *See id.* A district court need not explicitly discuss each of the 18 U.S.C. § 3553(a) factors. *See Caldwell*, 81 F.4th at 1185. An acknowledgment by the court that it considered the § 3553(a) factors is usually sufficient. *See United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).

We will vacate a district court's sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as shown by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Sotis*, 89 F.4th 862, 880 (11th Cir. 2023) (quotation marks omitted). A district court's consideration of the § 3553(a) factors is not unreasonable simply because the defendant disagrees with the court's assessment of those factors. *See United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006).

Although we do not apply a formal presumption of reasonableness to sentences within the advisory guideline range, we ordinarily expect such a sentence to be reasonable. *See United States v.*

*Rodriguez*, 75 F.4th 1231, 1242 (11th Cir. 2023).  A sentence imposed well below the statutory maximum penalty is also an indication of reasonableness.  *See id.*

A district court is permitted to consider empirical evidence in imposing a sentence that departs from the guideline range.  *See Kimbrough v. United States*, 552 U.S. 85, 109-11 (2007).  It also has the discretion to grant a downward variance due to a policy disagreement with the Guidelines when appropriate.  *See Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013).  But a district court is not required to grant a downward variance based on a party's challenge to the Sentencing Guidelines.  *See United States v. Carpenter*, 803 F.3d 1224, 1235 (11th Cir. 2015).  We have held that reports published by the Sentencing Commission do not "render the non-production child pornography guidelines in § 2G2.2 invalid," "alter the district court's duties to calculate the advisory guidelines range," or "require the district court to vary from the § 2G2.2-based guidelines range."  *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014). *See also Carpenter*, 803 F.3d at 1235 (same).

Here, Mr. Carlyle's sentence of 66 months' imprisonment—within the advisory guideline range of 63-78 months—was not substantively unreasonable.  The district court properly considered the § 3553(a) factors and did not give significant weight to an improper or irrelevant factor.  *See Sotis*, 89 F.4th at 880.  Moreover, the district court was permitted to rely on § 2G2.2 as an advisory guideline, as we have previously rejected arguments that it is inherently flawed or rendered invalid by the Sentencing Commission's 2013 critical

23-12454                Opinion of the Court                5

report to Congress.  Finally, it did not abuse its discretion by declining to grant a downward variance based on his challenge to § 2G2.2.  *See Cubero*, 754 F.3d at 900; *Carpenter*, 803 F.3d at 1234-36.

**AFFIRMED.**