[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10924

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

VINATH OUDOMSINE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 3:21-cr-00013-DHB-BKE-1

_____

Before LAGOA, BRASHER, and ED CARNES, Circuit Judges.

ED CARNES, Circuit Judge:

Vinath Oudomsine appeals his sentence of 36 months imprisonment for wire fraud, which is an upward variance from the guidelines range of 8 to 14 months. The district court imposed that sentence after Oudomsine pleaded guilty to providing false information to obtain an $85,000 Economic Injury Disaster Loan under the Coronavirus Aid, Relief, and Economic Security Act. He challenges the procedural and substantive reasonableness of his sentence.

## I.

We ordinarily review the procedural reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Harris*, 964 F.3d 986, 988 (11th Cir. 2020). But where, as here, the defendant did not object to the procedural reasonableness of his sentence at the time of sentencing, we review only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail under plain error review, the defendant must show: (1) there was an error (amounting to an abuse of discretion); (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness of the judicial proceedings. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).

A sentence is procedurally unreasonable if the district court fails to adequately explain the sentence, including any variance from the guidelines range. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). The court is required "at the time of sentencing . . . to state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is within the guidelines range and exceeds 24 months, the court must state "the reason for imposing a sentence at a particular point within the range." *Id.* § 3553(c)(1). And if the sentence is outside the guidelines range, the court must not only state "the specific reason[s]" for the variance in open court but must also state those reasons "with specificity in a statement of reasons form." *Id.* § 3553(c)(2). The court's reason must be "sufficiently compelling to support the degree of the variance," *Harris*, 964 F.3d at 988, and it must be specific enough to allow for meaningful appellate review, *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016). We review *de novo* whether the district court complied with § 3553(c)(2), even if the defendant did not make a timely objection to the district court's failure to comply with it. *Id.* at 996–97; *see also United States v. Brown*, 879 F.3d 1231, 1234 (11th Cir. 2018).

At sentencing the district court properly determined that Oudomsine's total offense level was 11 and his criminal history category was I, resulting in a guidelines range of 8 to 14 months. The court varied upward and sentenced Oudomsine to 36 months — a sentence well below the 240-month statutory maximum penalty. Oudomsine contends that his sentence is procedurally

unreasonable because the district court didn't adequately explain the upward variance. We disagree.

The court explicitly stated at sentencing that in varying upward it had considered the parties' arguments, the sentencing guidelines, the advisory guidelines range, the presentence investigation report (PSR),[1] and the 18 U.S.C. § 3553(a) sentencing factors. The court also explained why the chosen sentence was appropriate in light of the § 3553(a) factors and undisputed facts in the record, and it repeated that explanation on the statement of reasons form.

The court's reasoning was that Oudomsine's fraud was not the kind of ordinary fraud contemplated by the guidelines because he used "his education, ability, and background to steal money from a national benevolence," taking $85,000 from a federal relief program designed to save the economy during the pandemic. In committing that crime, the court explained, Oudomsine had shown "blatant disregard for the people who needed these funds and for the people who paid for this program." Deeming deterrence to be the most important sentencing factor, the court determined that the upward variance sentence was "sufficient, but not greater than necessary, to meet the crime [Oudomsine] committed

---

[1] The court adopted the factual findings in the PSR without objection. Factual findings for purposes of sentencing may be based on undisputed statements in the PSR. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

and to demonstrate to the world the likely result of the commission of the same or similar criminal act."

The district court was not required to state on the record that it explicitly considered each § 3553(a) factor or to discuss each factor. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). It is enough that the record reflects the court's consideration of the sentencing factors and the parties' arguments. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). The court did give a sufficiently specific and compelling basis for the upward variance and complied with the requirements of § 3553(c)(2). *See Parks*, 823 F.3d at 997; *Harris*, 964 F.3d at 988.

Oudomsine also challenges the court's decision to treat his fraud as atypical compared to general, run-of-the-mill fraud cases. We see no error. The court didn't rely on any clearly erroneous facts in making that decision and adequately explained why it didn't consider this to be a mine-run case, particularly because Oudomsine used his education and ability to exploit a government relief program during a time of economic upheaval. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (explaining that a court's decision to vary from the guidelines may merit the "greatest respect" when the sentencing judge finds the case to be "outside the heartland" of cases contemplated by the Sentencing Commission) (quotation marks omitted). The district court also emphasized Oudomsine's history and characteristics, finding that he acted "with the facility and with the ability and with a level of venality that his age, his education, his upbringing, and his life experience

[made] . . . all the more culpable." There was no error, much less plain error.

## II.

Oudomsine next contends that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. *Gall*, 552 U.S. at 51. Oudomsine bears the burden of establishing that his sentence is unreasonable based on the record and the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).[2] The court abuses its discretion when it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks

---

[2] Section 3553(a) directs the court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the applicable guidelines range; (5) the pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to victims.

omitted). That rarely happens given the nature of the enterprise and the familiarity of district court judges with it. *See Rosales-Bruno*, 789 F.3d at 1256. We will vacate a defendant's sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

A district court "has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." *Shaw*, 560 F.3d at 1238 (quotation marks omitted). We may take the degree of variance into account, but we do not presume that a sentence outside the guidelines range is unreasonable and we must give due deference to the district court's decision that the § 3553(a) factors support its chosen sentence. *Irey*, 612 F.3d at 1186–87.

Oudomsine contends that his sentence is substantively un-reasonable because the court gave undue weight to the need for deterrence factor without providing a compelling deterrence ra-tionale. He claims the real reason the court varied upward was that it did not like him, and the reason it didn't was that of the $85,000 he obtained by fraud he spent $57,789 to buy a single Pokémon card.[3]

---

[3] Pokémon cards are collectible cards used in a trading card game. *See Poké-mon Trading Card Game*, Pokemon.com, https://www.pokemon.com/us/

We are not persuaded. The record shows that the district court considered the importance of deterrence along with other § 3553(a) factors in varying upward. Those factors included the applicable guidelines range, Oudomsine's history and characteristics, the seriousness of his crime, the nature and circumstances of it, and the need to promote respect for the law and to provide just punishment. Oudomsine quarrels with how the district court weighed the § 3553(a) factors, including deterrence, but the weight given to each factor is left to the sentencing court's sound discretion. *Kuhlman*, 711 F.3d at 1327. We will not substitute our own judgment for the district court's by reweighing them. *Id.*

The district court appeared to give more weight to the need for deterrence than to other sentencing factors, and it did not abuse its discretion in doing so. *See Rosales-Bruno*, 789 F.3d at 1254. We have emphasized that "general deterrence is a critical factor that must be considered and should play a role in sentencing defendants." *United States v. Howard*, 28 F.4th 180, 208 (11th Cir. 2022). Indeed, it is "one of the key purposes of sentencing." *United States v. McQueen*, 727 F.3d 1144, 1158 (11th Cir. 2013) (quotation marks omitted).

And we have expressed the view that "[g]eneral deterrence is more apt, not less apt, in white collar crime cases." *Howard*, 28 F.4th at 209; *see also United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("[T]he Congress that adopted

---

pokemon-tcg (last visited Dec. 22, 2022).

the § 3553 sentencing factors emphasized the critical deterrent value of imprisoning serious white collar criminals, even where those criminals might themselves be unlikely to commit another offense[.]"). "[E]conomic and fraud-based crimes are more rational, cool and calculated than sudden crimes of passion or opportunity, which makes them prime candidates for general deterrence." *Howard*, 28 F.4th at 209 (quotation marks omitted). Because "[w]hite collar criminals often calculate the financial gain and risk of loss of their crimes . . . an overly lenient sentence sends the message that would-be white-collar criminals stand to lose little more than a portion of their ill-gotten gains and practically none of their liberty." *Id.* (quotation marks omitted).

Oudomsine argues that notwithstanding how important it might be in other cases, deterrence is not particularly relevant here because the pandemic relief efforts have pretty much ended and there is no longer an opportunity (or as much opportunity) to commit the specific type of fraud he committed, and hence not much need to deter the commission of it. We disagree. The deterrent effect of the sentence in a fraud or theft case involving a specific government program extends beyond commission of the same type of crime against the same program. Punishing white collar criminals serves to deter others from committing white collar crimes, not merely to deter the defendant or others from committing a crime that is materially identical to the one that resulted in the defendant's sentence. *See generally Martin*, 455 F.3d at 1240 (highlighting the importance of a prison sentence in deterring

others from committing white collar crimes, even if the defendant being sentenced isn't likely to commit the same type of crime again).

While the federal program Oudomsine bilked no longer exists, deterring fraud and other crimes against future multi-billion-dollar government programs remains an important sentencing goal. As we had occasion to comment recently, "Like bears to honey, white collar criminals are drawn to billion-dollar government programs." *Howard*, 28 F.4th at 186 (citing examples of convictions for fraud, kickbacks, and other crimes involving federal health care programs). The crimes are serious and the monetary losses are large, as some individual cases show. *See, e.g.*, *United States v. Rodriguez*, 627 F.3d 1372, 1375 (11th Cir. 2010) ("Over a nine-month period, [the defendant and her co-defendant] submitted to Medicare over $19,000,000 in fraudulent claims and received over $3,200,000 in payments. . . . It was all fraud, perfectly pure and somewhat simple."). The need for deterrence of government fraud crimes is great.

Now for a couple of miscellaneous contentions. One is Oudomsine's argument that the deterrence rationale isn't compelling because deterrence was accounted for in the PSR. It almost invariably is accounted for in that way, yet we have held that "[t]he district court may vary upward based on conduct that was already considered in calculating the guideline range." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021).

As for Oudomsine's argument that the court varied upward in sentencing because it did not like him, there is nothing in the record to support the proposition that the judge did not "like him" — whatever that means in this context. But it would not be surprising, or disqualifying, if a judge did not "like" a person who defrauded a federal program of funds intended to promote the public good and help small businesses, particularly when the stolen funds were used for the purpose of purchasing a $57,789 Pokémon card. Besides, Oudomsine's motive and the use to which he put his ill-gotten gains are relevant to the § 3553(a)(1) factor of "the nature and circumstances of the offense and the history and characteristics of the defendant." Their relevance does not depend on whether the judge likes the defendant.

Finally, Oudomsine's sentence of 36 months is far below the 240-month statutory maximum, which is a strong indication of reasonableness. *See Taylor*, 997 F.3d at 1355.

The court appropriately considered the relevant § 3553(a) factors, provided a sufficiently compelling justification for varying from the guidelines range, and imposed a sentence that is both procedurally and substantively reasonable.

**AFFIRMED**.