[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13393

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ZACHARY MARK RICHARDS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00004-HL-TQL-1

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Zachary Mark Richards appeals the 180-month sentence imposed after he pled guilty to possessing a firearm in furtherance of a drug trafficking crime. On appeal, Richards argues that his sentence was unreasonable. After careful consideration, we affirm.

## I.

Richards's conviction arose out of an incident in which he arranged via text message to sell methamphetamine. As it turns out, the purchaser with whom Richards was communicating was an undercover officer. When Richards arrived at the parking lot to make the sale, officers approached his vehicle and detained him. Officers searched Richards's car and found approximately 33 grams of methamphetamine. The officers also discovered that Richards was carrying a loaded pistol. Upon questioning, Richards admitted to coming to the parking lot to sell methamphetamine. And he acknowledged that he was a convicted felon who was prohibited from possessing firearms.

Richards was charged with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). Richards pled guilty to the § 924(c) charge in exchange for the government's dismissal of the

other charges. For this offense, Richards faced a possible sentence of five years to life. *See* 18 U.S.C. § 924(c)(1)(A).

Before the sentencing hearing, the probation office prepared a presentence investigation report ("PSR"). The PSR described the facts of the offense. It also recounted Richards's criminal history, detailing his 34 adult criminal convictions. These previous convictions were for a variety of crimes including burglary, theft, forgery, making terroristic threats, fleeing or eluding an officer, resisting an officer without violence, possessing drugs, and driving with a suspended license. For many of these convictions, Richards was sentenced to short periods of incarceration or to probation. But, for some of the convictions, Richards received lengthier prison sentences. On two separate occasions, he served sentences of five years. After completing each of these sentences, Richards committed additional crimes. The PSR also reflected that on several occasions Richards had violated the terms of his probation or parole. According to the PSR, Richards was on probation at the time he committed the offense in this case.

The PSR also calculated Richards's guidelines range. It explained that for a § 924(c) offense, the guidelines range was the minimum statutory term of imprisonment—here, 60 months. *See* U.S. Sent'g Guidelines Manual § 2K2.4(b) (2021).

The PSR advised that under the § 3553(a) factors,[1] an upward variance might be appropriate. Given Richards's lengthy criminal history and repeated probation violations, the PSR noted, he had a "propensity for recidivism." Doc. 25 at 29.[2] The PSR also pointed out that Richards's criminal history was not accounted for in his guidelines range. The PSR suggested that several § 3553(a) factors would support an upward variance including: Richards's history and characteristics, the need to promote respect for the law, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant.

The court held a sentencing hearing, which lasted approximately 10 minutes. At the hearing, there were no objections to the PSR. The court adopted the PSR without change and calculated Richards's advisory guidelines range as 60 months.

---

[1] Under § 3553(a), a district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

[2] "Doc." numbers refer to the district court's docket entries.

22-13393                Opinion of the Court                5

At the hearing, the government asked the court to impose a sentence of 60 months. Richards acknowledged that he had a lengthy criminal history and had gone down the "wrong path." Doc. 36 at 5. Richards stated, through his attorney, that he wanted to change his life and needed help with his drug addiction.

The district court ultimately imposed a sentence of 180 months' imprisonment. The court stated that it had considered the § 3553(a) factors and mentioned Richards's history and characteristics as well as the need to promote respect for the law, to afford adequate deterrence, and to protect the public from further crimes. [**DE 36:6.**] The court stated that an upward variance was appropriate given Richards's "prior arrests and convictions." *Id.* at 6.[3]

This is Richards's appeal.

## II.

We review the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Reviewing the reasonableness of a sentence is a two-step process. "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "The party challenging

---

[3] After the sentencing hearing, the district court completed a statement of reasons form. In this form, the district court indicated that it had imposed an upward variance based on the § 3553(a) factors identified at the sentencing hearing. The court indicated that it had "specifically considered" Richards's "prior criminal record." Doc. 29 at 3.

6                    Opinion of the Court                    22-13393

the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *Id.*

### III.

On appeal, Richards challenges his sentence as procedurally and substantively unreasonable.

We begin with Richards's challenge to the procedural reasonableness of his sentence. "A sentence is procedurally unreasonable if the district court fails to adequately explain the sentence, including any variance from the guidelines range." *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023). If the sentence is within the guidelines range and exceeds 24 months, the court must state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). "[I]f the sentence is outside the guidelines range, the court must not only state 'the specific reasons' for the variance in open court but must also state those reasons 'with specificity in a statement of reasons form.'" *Oudomsine*, 57 F.4th at 1265 (alteration adopted) (quoting 18 U.S.C. § 3553(c)(2)).

The district court's reasons must be specific enough to allow for meaningful appellate review. *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016). The district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). In addition, the district court's reasons must be "sufficiently compelling to support the degree of the variance." *Oudomsine*,

57 F.4th at 1265 (internal quotation marks omitted). A "major variance . . . require[s] a more significant justification than a minor one." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc).

Richards argues that his sentence is procedurally unreasonable because the district court failed to "provide any reasoned basis for the significant" upward variance. Appellant's Br. at 15. We disagree.

Although the district court's discussion at the sentencing hearing about why it was imposing the variance was relatively brief, its explanation was adequate. We can discern from its statements the basis for its decision. The district court explained that it was imposing a variance based on several of the applicable § 3553(a) factors: Richards's history and characteristics, the need to promote respect for the law, the need to afford adequate deterrence, and the need to protect the public from further crimes. And it specifically mentioned his criminal history. This explanation is sufficient to satisfy us that the district court "considered the parties' arguments and ha[d] a reasoned basis" for imposing the upward variance. *Rita*, 551 U.S. at 356.

We also conclude that the district court's explanation was sufficiently compelling to support the degree of the variance. We reach this conclusion after considering the context of this case in which the Sentencing Guidelines directed that Richards's advisory guidelines range was set at the minimum statutory term of imprisonment. *See* U.S.S.G. § 2K2.4(b). Because Richards's criminal

history played no role in the calculation of his guidelines range, we conclude that his criminal history was a sufficiently compelling basis for the upward variance.

We now turn to Richards's challenge to the substantive reasonableness of his sentence. We will vacate a sentence as substantively unreasonable "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). Importantly, "the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). In addition, "a sentence imposed well below the statutory maximum penalty indicates reasonableness." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (internal quotation marks omitted).

Although Richards acknowledges that he has a lengthy criminal history, he says that the district court gave it too much weight. He points out that many of his convictions were too old to score any criminal history points under the Sentencing Guidelines and were for nonviolent offenses. *See* U.S.S.G. § 4A1.2(e).

After considering the facts of this case, we are not left with a definite and firm conviction that the district court committed an error of judgment when it weighed the § 3553(a) factors and imposed a 180-month sentence. To begin, this sentence was well below the applicable statutory maximum of life. *See Woodson*,

22-13393                Opinion of the Court                9

30 F.4th at 1308. In addition, the district court had discretion to determine how much weight to assign to Richards's criminal history. *See Croteau*, 819 F.3d at 1310. And it was reasonable for the district court to assign significant weight to Richards's criminal history. Even if Richards is correct that many of his criminal convictions scored no criminal history points under the Sentencing Guidelines due to their age, he had other, more recent convictions that did score criminal history points. Indeed, he accrued enough criminal history points to end up in criminal history category of VI. And, although a number of Richards's prior convictions were for less serious offenses (such as driving with a suspended license), he also had other convictions for more serious offenses (such as burglary and theft) as well as multiple violations of community supervision, which showed a "propensity for recidivism." Doc. 25 at 29. We thus conclude that the sentence was substantively reasonable.

Accordingly, we affirm.

**AFFIRMED.**