[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11737

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUENTIN JEREL PERKINS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cr-00045-TES-CHW-1

————————————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Quentin Perkins pleaded guilty to possession of an unregistered firearm and the district court imposed an above-guideline sentence of 48 months' imprisonment followed by three years of supervised release. He now appeals his sentence, arguing it is substantively unreasonable. Because the district court did not abuse its discretion, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Agents became aware of Perkins in 2021 while investigating his brother, Norman, for distributing cocaine and marijuana. During a recorded call with a confidential source, Norman mentioned Perkins several times, specifically stating he'd have to speak with Perkins about obtaining the cocaine for a controlled purchase with the source that was set to take place at the Quality Inn. Officers watching the Quality Inn before the transaction saw Perkins in the parking lot next to a white Hyundai Elantra. Later that evening, after selling the source two ounces of crack cocaine, Norman got into the same white Hyundai.

Officers later returned to the Quality Inn with a search warrant for the room where Perkins and Norman were staying. They saw Perkins leave the room and drive away, and they stopped him for a traffic violation. The strong odor of marijuana in the car led to a probable cause search, which led to the discovery of several items in Perkins's backpack: a loaded Glock handgun, clear plastic

bags, marijuana packing materials, and several suspected fraudulent checks.  Federal agents later confirmed the handgun was manufactured in Austria and had traveled in interstate commerce, and that it had been modified with a Glock switch that converted the semiautomatic gun into a machinegun.  The switch had not been registered and did not have a serial number.

Pursuant to a plea agreement, Perkins pleaded guilty to possession of a device intended for use in converting a weapon into a machinegun which was unregistered.  The presentence report set his base offense level at 18, and then decreased it by three levels for acceptance of responsibility, resulting in a total offense level of 15.

Perkins's criminal history included two scored convictions for misdemeanors, resulting in a criminal history category of II. The presentence report laid out the following pending and dismissed charges:  aggravated battery, simple battery, kidnapping, aggravated assault, possession of a firearm during the commission of a felony, terroristic threats and acts, criminal damage to property, burglary, possession of controlled substance with intent to distribute, and armed robbery.

With a total offense level of 15, and a criminal history category of II, Perkins's advisory guideline range was 21 to 27 months' imprisonment.  The presentence report specifically noted, however, that an upward departure may be warranted because "the nature[] and circumstances of [Perkins's] pending charges, as well as prior charges that were dismissed, indicate a significant pattern of violence."

At the sentence hearing, the government recommended an upward variance to 60 months. It argued that Perkins's pending and dismissed charges showed a "tendency towards violent conduct," and that because he had received repeated leniency, his "criminal history score . . . dramatically under-represent[ed]" his "risk to society" and "his likelihood of recidivism."

Perkins asked for a sentence within the advisory guideline range. He argued the government's characterization of his past leniency was overstated, that he was entitled to a presumption of innocence for the pending charges, and that it was speculation to rely on the dismissed charges absent more evidence.

The district court sentenced Perkins to 48 months' imprisonment, varying upward from the advisory guideline range because of "the need for the sentence to adequately reflect the history and the characteristics of [Perkins], promote respect for the law, afford adequate deterrence, and protect the public." The district court expressly disclaimed any reliance on Perkins's past or his "good fortune" with the outcome of his other charges, stating that "the problem with this case" was people like Perkins "gunsmithing . . . weapon[s] to make [them] automatic," which is "[a]bsolutely killing people."

Perkins appeals his sentence.

## STANDARD OF REVIEW

"We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances." *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023)

23-11737                Opinion of the Court                5

(citation omitted).  A district court abuses its discretion when it "gives significant weight to an improper or irrelevant factor," *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006 (en banc)), but if the record shows that consideration of the improper factor did not substantially affect the sentencing decision, then any error is harmless.  *United States v. Curtin*, 78 F.4th 1299, 1313 (11th Cir. 2023) (citing *United States v. Williams*, 456 F.3d 1353, 1362 (11th Cir. 2006)).

## DISCUSSION

Perkins raises one issue on appeal.  He argues that the district court abused its discretion in varying upward from the advisory guideline range because it relied on an improper factor, namely, "speculation about [his] prior arrest record."

"We take the district court at its word."  *United States v. Schwarzbaum*, 24 F.4th 1355, 1364 (11th Cir. 2022).  In reviewing sentencing decisions, we routinely rely on what the district court said at the sentence hearing.  *See, e.g.*, *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016) ("In sentencing Plate to prison, the district judge stated that he would be 'glad under this case to give her probation if she had paid back the restitution.'  This statement was an obvious indication of what the judge would have done if she had paid full restitution[.]" (alterations adopted)); *see also Curtin*, 78 F.4th at 1313 (the district court's reliance on an improper factor was a "close[] question" because, although the guidelines "make clear that consideration of religion generally" is an improper factor, the

district judge "expressly disclaimed any reliance" on his "personal experience with evangelical lingo," about which he "[went] on at some length").

Here, we take the district court at its word when it said at the sentence hearing that it was not relying on Perkins's prior arrests. *Schwarzbaum*, 24 F.4th at 1364; *Plate*, 839 F.3d at 957. The district court stated that it considered the advisory range and the section 3553(a) factors and "made an individualized assessment based on the facts presented" to determine Perkins's sentence. It did not consider or "give[] significant weight to" Perkins's arrest record, *Irey*, 612 F.3d at 1189, but expressly stated: "[W]hatever happened in your past and your good fortune, whatever that is, good for you. That is what it is. I am not sentencing you for that."

Further, express reliance on proper factors can itself be a significant justification for an upward variance. *Curtin*, 78 F.4th at 1313–14. The district court said that it relied on several section 3553(a) factors, including Perkins's history and characteristics, promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes committed by Perkins. The court also discussed the danger of Perkins's offense, which was significant. *See United States v. Martinez*, 964 F.3d 1329, 1338 (11th Cir. 2020) ("[D]rugs and guns are a dangerous combination, and they are especially dangerous when they are in close proximity." (quotation omitted)). The district court's consideration of these factors provided "significant justifications" for the upward variance. *Curtin*, 78 F.4th at 1314.

## CONCLUSION

Considered in its totality, the record does not result in the "definite and firm conviction" that the district court abused its discretion in sentencing Perkins.  *Irey*, 612 F.3d at 1190.

**AFFIRMED.**