[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13912

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN REMSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:21-cr-00026-CAR-CHW-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jonathan Remsen appeals his 180-month, below-guidelines-range sentence for possession of child pornography. He argues that the district court abused its discretion and imposed a substantively unreasonable sentence because it did not sufficiently consider the need to avoid unwarranted sentencing disparities between him and other child pornography offenders. For the reasons stated below, we affirm Remsen's sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). The sentence must be "sufficient, but not greater than necessary, to comply with the purposes" set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a)(2). The weight given to each § 3553(a) sentencing factor is committed to the sound discretion of the district court. *Oudomsine*, 57 F.4th at 1267. A sentence that is well below the statutory maximum penalty is more likely to be reasonable, as is a sentence at the bottom of the guidelines range. *United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

Though the district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), evaluating alleged sentencing disparities among similarly situated defendants requires "more than the crime of conviction and the total length of the sentences," *United States v. Azmat*,

805 F.3d 1018, 1048 (11th Cir. 2015). "The underlying facts of the crime and all of the individual characteristics are relevant." *Id.*

A sentence may be substantively unreasonable when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) considers the proper factors but commits a clear error of judgment in doing so. *Oudomsine*, 57 F.4th at 1266. Ultimately, we will vacate on substantive reasonableness grounds only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Here, we conclude that the district court did not abuse its discretion because it based its sentencing decision on the statutory sentencing factors and determined that Remsen's criminal history and lack of respect for the law differentiated him from other child pornography offenders. Remsen's 180-month sentence is well below the statutory maximum of 240 months, which is a "strong indication of reasonableness." *Oudomsine*, 57 F.4th at 1268. Additionally, the district court explained that Remsen's criminal history was "more dangerous than the criminal histories that I commonly see in these cases," distinguishing Remsen "from the average defendant." And the district court judge stated that in his twenty-two years on the bench, he had never before experienced "where a defendant has attempted to escape during the trial of the case and

attempted to run out of the courtroom and had to be subdued by at least one of the marshals who is sitting right behind him at this point." The district court was well within its discretion to "attach great weight" to these § 3553(a) factors in determining that a sentence of 180 months was appropriate and necessary. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (internal quotations omitted). We thus reject Remsen's claim that the sentence imposed by the district court was substantively unreasonable and affirm Remsen's sentence.

**AFFIRMED.**