**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12200

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MITZI BICKERS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00098-SCJ-LTW-1

_____

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mitzi Bickers appeals her 144-month sentence and order of restitution for one count of conspiracy to commit bribery, three counts of money laundering, and one count

of filing a false tax return.  At trial, the government presented evidence showing that Bickers participated in a years-long scheme to accept bribes from contractors in exchange for her assistance in securing them lucrative contracts with the City of Atlanta.  This appeal returns to us after we previously vacated Bickers's wire fraud convictions in her initial appeal and ordered a limited remand for resentencing.  *See United States v. Bickers*, No. 22-13174, 2024 WL 3819993, at *1 (11th Cir. Aug. 14, 2024) (per curiam).

In this subsequent appeal, Bickers argues that her sentence was procedurally unreasonable because the district court used financial losses attributed to Count II of her indictment,[1] of which she was acquitted, to calculate her guidelines range.  Bickers then argues that the district court erred in including losses attributed to Count II of the indictment in her restitution order.  For the reasons set forth below, we affirm.

## I.

Bickers argues that her 144-month sentence was procedurally unreasonable because the district court considered the bribe amounts related to Count II, of which Bickers was acquitted at trial, in calculating her guideline range.  We review the procedural reasonableness of a defendant's sentence for an abuse of discretion.

---

[1] Count II charged Bickers with conspiracy to commit bribery in violation of 18 U.S.C. § 371.  This Count alleged that after leaving her employment with the City of Atlanta in May of 2013, Bickers continued to receive payments from Elvin Mitchell and Charles Richards, Jr. in exchange for Bickers's assistance in obtaining lucrative City of Atlanta contracts by bribing public officials.

*United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020) (per curiam). We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). A district court abuses its discretion when, among other ways, it "miscalulat[es] the Guidelines range." *Gomez*, 955 F.3d at 1255.

In *United States v. Keene*, we held that we will not rule on the validity of a disputed guideline calculation if: (1) the district court stated it would have given the same sentence regardless of the outcome of the disputed guideline provision, and (2) assuming that there was an error, the sentence is still reasonable. 470 F.3d 1347, 1349 (11th Cir. 2006). At the second part of the analysis, we must decide whether the defendant's sentence is substantively reasonable if the guideline dispute "ha[d] been decided in the way the defendant argued and the advisory range reduced accordingly." *Id.*

A district court imposes a substantively unreasonable sentence only when it "'(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *Oudomsine*, 57 F.4th at 1266 (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). "A district court does not have to give all the factors equal weight, and it has discretion 'to attach great weight to one factor over others.'" *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015)). In general, a district court need not

state on the record that it has explicitly considered each of the § 3553(a) factors, nor discuss those factors. *Oudomsine*, 57 F.4th at 1265. Rather, it is enough that the record reflects that the district court considered the § 3553(a) factors and the parties' arguments. *Id.* The fact that a sentence is significantly below a defendant's guidelines range is an indication of its reasonableness. *United States v. Mullings*, 166 F.4th 939, 956 (11th Cir. 2026).

Here, we need not address Bickers's argument related to her guideline calculations. The district court expressly stated that it would have sentenced Bickers to 144 months' imprisonment regardless of its decision on the guideline dispute. And analyzing her sentence under her proposed guideline range of 210-262 months, her 144-month sentence is substantively reasonable. The district court considered the 18 U.S.C. § 3553(a) factors and selected a reasonable sentence based on Bickers's years-long participation in a multi-million-dollar scheme. Accordingly, we affirm her 144-month sentence.

## II.

Next, Bickers argues that the district court erred in including losses attributed to Count II of the indictment in her restitution order. However, Bickers did not challenge the restitution order on her initial appeal.

The law-of-the-case doctrine has "several arms," one of which "deals with lower court rulings that have not been challenged on a first appeal." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). Specifically, "'[u]nder the law of the

case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" *Id.* (quoting *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C. Cir. 1987)).

There are three exceptions to this general principle. The first exception applies when new evidence is presented. *Id.* at 1561. The second applies when the controlling law on the issue in question has changed. *Id.* And finally, the third exception to the law-of-the-case doctrine applies when the earlier unchallenged decision was a clear error that "would work a manifest injustice." *Id.* (quotations omitted).

Here, the law-of-the-case doctrine applies to Bickers's argument related to her restitution order because she could have challenged the order on this same ground in her first appeal but failed to do so. As such, the district court's inclusion of the loss amount attributed to Count II of the indictment became the law of this case. Bickers has not established that an exception to the law-of-the-case doctrine applies. She has not presented any new evidence nor has she cited any change of law that was unavailable to her in the first

appeal.  Because she cannot otherwise show that the restitution order "would work a manifest injustice," her argument is waived.[2] Thus, we affirm the order of restitution.

**AFFIRMED.**

---

[2] Even if the argument was not waived, it still fails.  For purposes of restitution, we review for clear error whether a specific loss was "related to the offenses resulting in [a] conviction[]."  *United States v. Edwards*, 728 F.3d 1286, 1292 (11th Cir. 2013).  Here, the district court did not clearly err when it included losses attributed to Count II of the bribery scheme in the restitution order. Her convictions for money laundering were clearly related to the bribery conspiracy—they involved the same key players, contract assistance, and personal profit.