**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

————————————————

No. 25-11426

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DIMAS OBISPO YUMAN-PARADA,
a.k.a. Dimas Obispo Yuman,
a.k.a. Dimas Yuman,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cr-00143-TPB-PRL-1

————————————————

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Dimas Yuman-Parada appeals his 36-month sentence for illegal re-entry by a removed alien, a 15-month upward variance from his advisory Guidelines range of 15 to 21 months' imprisonment. Yuman-Parada contends his sentence was substantively unreasonable because the district court abused its discretion by failing to give proper weight to the advisory Guidelines range and instead considering his past sentence of 27 months' imprisonment as the benchmark for his sentence. After review,[1] we affirm.

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We may not apply a presumption of unreasonableness to a sentence outside of the advisory Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* A major variance requires a more significant justification than a minor variance, and we require the justification be "sufficiently compelling to support the degree of the variance." *Irey*, 612 F.3d at 1196 (quotation marks omitted). We will vacate a defendant's sentence as substantively

---

[1] When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).

Though the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach greater weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). We have clarified the advisory Guidelines range "is but one of many considerations" that a sentencing court must consider when sentencing a defendant. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). A district court also has broad leeway to decide how much weight to give a defendant's prior crimes. *Id.* at 1261; *see also United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) ("Some characteristics of criminal history are especially significant: how bad a repeat offender a defendant is matters greatly for purposes of sentencing."). Additionally, the district court has considerable discretion to decide whether a case is a "mine-run" or whether the § 3553(a) factors justify a variance. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). We have also found that an upward variance that is well below the statutory maximum indicates that it is reasonable. *Riley*, 995 F.3d at 1280.

The district court did not abuse its discretion in determining that a 36-month sentence was warranted because the court gave

weight to the advisory Guidelines range, but emphasized during the sentencing hearing and in its statement of reasons that it heavily weighed Yuman-Parada's prior history of eight removals and his pending charges of domestic battery as justifying a sentence above the Guidelines range.  The district court was acting in its discretion to give Yuman-Parada's criminal history greater weight in determining its upward variance.  *See, e.g., Rosales-Bruno*, 789 F.3d at 1261; *Riley*, 995 F.3d at 1279.  The court also did not improperly consider that Yuman-Parada's prior sentence of 27 months for illegal re-entry was a floor, but rather, mentioned Yuman-Parada's prior sentence in relation to his repeated recidivism in entering illegally.  Yuman-Parada's sentence was well below the statutory maximum of ten years, and the sentence was not "outside the range of reasonable sentences dictated by the facts of the case" that would leave this Court with a definite and firm conviction that a clear error was committed.  *See Riley*, 995 F.3d at 1280; *Irey*, 612 F.3d at 1190.

The district court also did not abuse its discretion in determining this was not a "mine-run" case, given Yuman-Parada's criminal history of illegal re-entry and his pending charge of domestic violence.  *See Oudomsine*, 57 F.4th at 1266.  The district court acted in its discretion in giving considerable weight to Yuman-Prada's criminal history of deportations and illegal re-entries and his pending charge of domestic battery to justify its 15-month upward variance.  Yuman-Parada's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**