**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12791

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STEPHEN JAY THORN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00361-WFJ-CPT-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Stephen Thorn appeals his sentence of 60 months' imprisonment, a 30-month upward variance, for making an interstate threat to injure a federal district judge and her family. Thorn argues that

the sentence was substantively unreasonable because the district court considered factors already accounted for in the guideline range and failed to give adequate weight to mitigating factors. Because the sentence was substantively reasonable, we affirm.

## I.

Thorn left a series of five threatening voicemails for a federal district judge after reading an online article criticizing one of her judicial opinions. He dialed *67 before each call to mask his identity. The first voicemail criticized the judge for not knowing "what LGBTQ kids go through." Doc. 62 ¶ 12(a). The second voicemail vaguely threatened the judge's children and grandchildren. The third voicemail made more specific threats by naming her husband, the city they lived in, and the number of children the judge had, and said, "you need to be very careful." *Id.* ¶ 12(c). The fourth voicemail named the judge's two children as well as a home address, said it would be "very easy to track you down," and threatened that "what goes around, comes around." *Id.* ¶ 12(d). The fifth voicemail repeated the names of her children and husband as well as her address and again said "you're easy to track down." *Id.* ¶ 12(e). The judge's law clerk listened to the voicemails, notified the judge, and reported the threat to the U.S. Marshals Service.

A grand jury indicted Thorn for making an interstate threat to injure, 18 U.S.C. § 875(c) (Count 1), and making phone calls with the intent to make a threat and without disclosing his identity, 47 U.S.C. § 223(a)(1)(C) (Count 2). Thorn was arrested and admitted that he had made the calls because he was angry about one of the

judge's opinions. Thorn pleaded guilty to Count 1 in exchange for the government's agreement to dismiss Count 2. The district court accepted Thorn's guilty plea.

The presentence investigation report calculated a base offense level of 12 based on Thorn's conviction under 18 U.S.C. § 875(c), according to United States Sentencing Guideline § 2A6.1(a)(1). The report applied a two-level increase under section 2A6.1(b)(2) because the offense involved more than two threats (stating that Thorn had made four threats). The report applied a six-level increase under section 3A1.2(b) because the victim was a government employee and Thorn was motivated by the disposition of a case that the judge ruled upon. The report applied a three-level reduction for acceptance of responsibility under section 3E1.1(a)-(b), yielding a total offense level of 17. Because Thorn had no previous convictions, his criminal history category was I.

The report also summarized Thorn's background. During his childhood, he was abused by his mother, molested by a neighbor, and became a child prostitute. Thorn later married, divorced, had a significant relationship with a man who died from AIDS, entered a civil union with another man, but separated. Thorn is financially insolvent. Thorn was 66 at the time of his sentencing, and he has been diagnosed with myotonia (a neuromuscular disorder), hypertension, high cholesterol, depression, bipolar affective disorder, and PTSD. He once attempted to commit suicide.

Thorn's maximum term of imprisonment was 60 months, and his guideline range was 24–30 months. The presentence investigation report did not identify any factor warranting a departure from the guideline range, although it did identify factors that could warrant varying below the guideline range, including Thorn's history and characteristics. Neither the government nor Thorn objected to the report.

The government's sentencing memorandum argued that a sentence within the range was sufficient. Thorn's memorandum expressed remorse and highlighted aspects of his history he believed were mitigating. He emphasized that he had never attempted to follow through on his threats, he was at low risk of recidivism, and his crime was so unique that general deterrence was not an issue. He also attached a character letter from his church, a psychological evaluation, and an apology letter explaining that he had spent his career as a teacher advocating for LGBTQ students.

At sentencing, the district court adopted the report's factual statements and guideline calculations. The government recommended a sentence at the midpoint of the guideline range. The government again emphasized two of the sentencing factors: the need to reflect the seriousness of the offense and the need for adequate deterrence, especially because threats against federal judges are on the rise. The government argued that Thorn's voicemails made clear that he had done his research and had time for deliberation between leaving each message. The government added that even though Thorn never acted on his threats, he did not attempt

to mitigate the effect of his threats and even made it harder to identify himself by masking his identity. The government read a statement from the judge who received the threats, expressing her belief that Thorn was a danger to the community.

In response, Thorn highlighted his lack of criminal history, his history of sexual abuse, his mental health problems, and his status as a homosexual man. Thorn explained that he had reacted to the judge's opinion because he had read about it in a sensationalized publication and had worked to help LGBTQ children throughout his career.

The district court imposed an upward variance. The court began by stating that it had reviewed the record and considered each factor. The court acknowledged that Thorn had had "a very tough life." Doc. 95 at 18. The district court then explained why it was choosing to vary upward: Thorn's conduct "was not just a one-off in the heat of passion. [Thorn] had time for deliberation." *Id.* at 18–19. The court added that Thorn had named the judge's children and husband, indicating that his conduct was "not just a vent. It was cruel. It was terroristic." *Id.* at 20. The district court stated that "under 3553(a)(2), the seriousness of the offense and to promote respect for the law requires an upward variance." *Id.* The court determined that general deterrence was relevant because these kinds of cases are becoming more common, and that specific deterrence was relevant because the nature of Thorn's premeditated behavior indicated that Thorn could still be dangerous. The district court

sentenced Thorn to 60 months' imprisonment followed by 3 years of supervised release.

Thorn appealed.

## II.

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## III.

Thorn raises three issues on appeal. First, he argues that the district court's upward variance was based on factors that the guidelines already accounted for. Second, he argues that the district court failed to consider personal characteristics like his age and health. Third, he argues in his reply brief that other defendants who had also threatened sitting federal judges have received shorter sentences. For the following reasons, we reject each of Thorn's arguments.

### *A.*

First, the district court did not abuse its discretion by imposing an upward variance given the nature of Thorn's threats to a judge and her family.

24-12791                Opinion of the Court                7

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)).

Thorn argues that the guidelines already considered the nature of his threats—specifically, that section 2A6.1(b)(2) applied a two-level enhancement for the multiplicity of threats and section 3A1.2(b) applied a six-level enhancement because he threatened a government employee and her immediate family members. The government disagrees, arguing that neither enhancement fully accounted for the nature of Thorn's threats. For example, the two-level enhancement in section 2A6.1(b)(2) is triggered when there are more than two threats, but Thorn made four threats. And the six-level enhancement in section 3A1.2(b) is triggered when there are threats to a government employee or their family member, but Thorn threatened a government employee *and* three of her family members. Thorn replies that he made only three threats, not four.

Thorn has not met his burden of proving that the district court's 30-month upward variance was substantively unreasonable. District courts have considerable discretion to decide whether the section 3553(a) factors justify a variance. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). The court should explain why

a variance is appropriate, *id.*, and may need to provide a more significant justification if the variance is a major one. *United States v. Grushko*, 50 F.4th 1, 20 (11th Cir. 2022) (citing *Irey*, 612 F.3d at 1190). District courts have discretion to give heavier weight to any of the section 3553(a) factors or combination of factors than to the guideline range. *United States v. Shabazz*, 887 F.3d 1204, 1259 (11th Cir. 2018). The district court acted within this discretion when it weighed the seriousness of Thorn's offense, the need to promote respect for the law, the need for general deterrence, and the need for specific deterrence more heavily than it weighed his personal history. The court also adequately explained why a variance was appropriate. The court emphasized that Thorn's threats were "cruel" and "terroristic," that he had premeditated his threats, and that conduct like Thorn's was becoming more common. Doc. 95 at 20. Moreover, the fact that the guideline range already accounted for the nature of these threats did not preclude the district court from considering these section 3553(a) factors as grounds for an upward variance. *See United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023).

### B.

Second, the district court adequately considered Thorn's age and health conditions because it adopted the factual statements in the presentence investigation report. A district court abuses its discretion if it "fails to afford consideration to relevant factors that were due significant weight," *Irey*, 612 F.3d at 1189, and one relevant factor is a defendant's characteristics. And although it must

consider all relevant factors, a sentencing court need not specifi-cally address each factor. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

Here, the district court did not address Thorn's age and health conditions, but it did state that it had considered all of the section 3553(a) factors, which include a defendant's characteristics. The court also adopted the facts in the presentence investigation report, which detailed Thorn's age and health conditions. The court also acknowledged that Thorn had had a "very tough life." Doc. 95 at 18. Thorn's challenge to the substantive reasonableness of his sentence therefore fails.

## C.

Third, Thorn failed to raise the argument about disparate sentences for similar conduct in his initial brief, so that argument is not properly before the court. "[A]rguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) (quoting *Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005)). There-fore, we will not consider this argument.

## IV.

For the foregoing reasons, Thorn's sentence is **AFFIRMED.**