**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13332

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

UNDRAY LAMOND LOWERY,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:25-cr-00208-RAH-KFP-1

————————————

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Undray Lowery appeals his 120-month sentence after pleading guilty to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Lowery argues on

appeal that his sentence was procedurally unreasonable because the district court clearly erred in finding that he possessed the firearm in question in connection with another felony offense, and thus, it erred in imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).  Lowery also argues that his sentence is substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Cabezas-Montano*, 949 F.3d 567, 605 (11th Cir. 2020).  This standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quoting *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc)).  Under this standard, "[w]e will vacate a sentence as substantively unreasonable 'if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Id.* (quoting *Irey*, 612 F.3d at 1190).

"A district court does not have to give all the factors equal weight, and it has discretion 'to attach great weight to one factor over others.'" *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015)).  In general, a district court need not state on the record that it has explicitly considered each of the § 3553(a) factors, nor discuss those factors.  *United States v. Oudomsine*, 57 F.4th 1262,

1265 (11th Cir. 2023).  Rather, it is enough that the record reflects that the district court considered the § 3553(a) factors and the parties' arguments.  *Id.*  "A district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence."  *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (quotations and citation omitted).  Finally, "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."  *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

We held in *United States v. Keene* that we will not rule on the validity of a disputed guideline adjustment if (1) the district court stated it would have given the same sentence regardless of the outcome of the disputed guideline provision; and (2) assuming that there was an error, the sentence is still reasonable.  470 F.3d 1347, 1349 (11th Cir. 2006).  We have described this concept in later decisions as "a species of the harmless error doctrine."  *Olson*, 127 F.4th at 1275 ("If the asserted error did not matter to the result in the district court, whether there was error doesn't matter in the appeal.").  Stated more simply, we will generally not vacate a defendant's sentence where "'(1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable.'"  *Id.* (quoting *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020)).  At the second part of the analysis, we must decide whether the defendant's sentence is still substantively reasonable if the guideline dispute "ha[d] been decided in the way the defendant argued and the advisory range reduced accordingly."  *Keene*, 470 F.3d at 1349.

Here, the district court expressly stated at Lowery's sentencing hearing that even if it had "sustained the defendant's objection[]," it would have imposed the same 120-month sentence. As such, this Court will not vacate and remand for resentencing so long as Lowery's sentence would be substantively reasonable if the contested four-level § 2K2.1(b)(6)(B) enhancement "ha[d] been decided in the way [Lowery] argued and the advisory range reduced accordingly." *Keene*, 470 F.3d at 1349. The district court calculated Lowery's total offense level to be 23, so without the four-level § 2K2.1(b)(6)(B) enhancement, his offense level would have been 19. As Lowery argues, a total offense level of 19 and a criminal history category of IV would have yielded a guideline range of 46-57 months. U.S.S.G. § 5A. Because Lowery's 120-month sentence would still be substantively reasonable with a guideline range of 46-57 months, we affirm his sentence. *See Olson*, 127 F.4th at 1275.

To begin, the district court expressly stated that it considered the parties' arguments and the 18 U.S.C. § 3553 factors. *See Oudomsine*, 57 F.4th at 1265. The district court relied heavily on Lowery's lengthy and violent criminal history. It recounted Lowery's convictions for threatening to kill his own grandmother twice, pouring gasoline on the front porch of a house and threatening to set it on fire, threatening to kill law enforcement officers, choking a woman, and stabbing a woman. The district court stated that it considered this criminal history alongside the need to protect the public and the need to deter Lowery from committing future

crimes.  It also imposed its sentence to promote respect for the law, finding that Lowery demonstrated "a lack of acceptance" and "a lack of remorse."  The district court was permitted to attach greater weight to these sentencing factors over others, and it did not abuse its discretion in doing so.  *Olson*, 127 F.4th at 1276.  Lowery argues that the district court failed to adequately consider mitigating evidence such as the temporal remoteness of his criminal convictions, but the fact that the district court may not have explicitly explained its consideration of Lowery's mitigating evidence "does not indicate that the court erroneously ignored or failed to consider the evidence."  *Butler*, 39 F.4th at 1356 (quotations and citation omitted).  The record indicates that the district court considered the § 3553(a) factors and the parties' arguments, which was sufficient.  *Id.*; *Oudomsine*, 57 F.4th at 1265.  Finally, Lowery's 120-month sentence is well below the statutory maximum of 180 months, another indicator of its reasonableness.  *Dougherty*, 754 F.3d at 1362.

In sum, Lowery's 120-month sentence, imposed after numerous convictions for violent acts against others, does not "'lie[] outside the range of reasonable sentences dictated by the facts of th[is] case.'"  *Riley*, 995 F.3d at 1278 (quoting *Irey*, 612 F.3d at 1190).  Because Lowery's 120-month sentence is substantively reasonable even without the application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement, the judgment of the district court is

**AFFIRMED.**