[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11749

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SEAN KURT PAULO MACALACAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cr-00043-AW-MAF-1

_____

Before NEWSOM, KIDD, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Sean Kurt Paulo Macalacad appeals his 216-month sentence arising from convictions for sexual exploitation of children, pursuant to 18 U.S.C. § 2251(a) and (e), and receipt and attempted receipt of child pornography, pursuant to 18 U.S.C. § 2252A(a)(2) and (b)(1). On appeal, he argues that his sentence was substantively unreasonable because the district court did not give adequate weight to certain mitigating factors, like his history and characteristics, and weighed the severity of his offense too heavily. Having read the parties' briefs and reviewed the record, we affirm Macalacad's sentence.

## I.

This court reviews "the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances." *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). A district court abuses its discretion in imposing a sentence when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* We will vacate on substantive reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences as dictated by

the facts of the case. *United States v. Johnson*, 803 F.3d 610, 618-19 (11th Cir. 2015). The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## II.

At sentencing, the district court must consider several factors, including the nature of the offense; the defendant's characteristics and history; and the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). Though the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the district court may attach greater weight to one factor over others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Furthermore, the district court "need not state on the record that it has considered each of the § 3553(a) factors" or explain how it weighed each individual factor. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Rather, an acknowledgment that it has considered the § 3553(a) factors is sufficient. *Id.*

We ordinarily expect a within-guideline-range sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). A sentence imposed well below the statutory maximum

sentence is also an indicator of reasonableness. *Id.* The maximum sentence for a conviction under § 2251(a) is 30 years' imprisonment. 18 U.S.C. § 2251(e). The maximum sentence for a conviction under § 2252A(a)(2) is 20 years' imprisonment. 18 U.S.C. § 2252A(b)(1). Moreover, we have "emphasized the seriousness of child pornography offenses, and the harm they inflict on their victims, time and again." *United States v. Carpenter*, 803 F.3d 1224, 1235 (11th Cir. 2015).

## III.

The record demonstrates that the district court did not abuse its discretion in imposing a 216-month sentence. At sentencing, the government presented evidence showing that Macalacad received and distributed videos of toddlers and an infant being raped; he solicited minors to send him sexually explicit pictures of themselves; and he received and distributed materials of animals being sexually abused. The government also showed that after Macalacad was arrested and granted pretrial release, he continued to engage in child pornography, and he attempted to destroy evidence of this nefarious activity. Macalacad did introduce mitigating evidence, such as letters attesting to his character, his lack of criminal history, and his age, which the district court did consider.

At the sentencing, the district court stated that it considered the parties' arguments, the mitigating factors, and the §3553(a) factors. The district court acknowledged that it was giving greater weight to certain factors, like the need for deterrence and to protect the public. The record supports the district court's determination

that the offense was serious, given the material that Macalacad possessed, and that the need for deterrence was high, given the psychologist's findings that Macalacad had an above-average risk for recidivism. The district court commented that child pornography cases were among the worst offenses, and the images in this case were terrible, particularly because the childen depicted were one- and two-year-olds. The district court noted that these offenses involved an extraordinary level of depravity and were very harmful to society due to their dissemination and transmission. Based on the record, we conclude that Macalacad's sentence was substantively reasonable because the district court considered the relevant § 3553(a) factors, it considered mitigating factors, and it was within its discretion to afford some factors more weight than others. Moreover, the sentence was within the guideline sentencing range and well below both statutory maximums, also indicating reasonableness.

Accordingly, based on the aforementioned reasons, we affirm Macalacad's 216-month sentence.

**AFFIRMED.**