[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13078

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BILLY MCCALL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cr-00004-AW-MAL

_____

Before BRANCH, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Billy McCall, Jr., appeals his sentence of 480 months' imprisonment for 3 counts of production of child pornography. McCall's sole argument is that his sentence is substantively unreasonable because the district court improperly weighed the 18 U.S.C. § 3553(a) factors. After careful review, we affirm the sentence imposed by the district court.

**I.**

In 2022, McCall was a youth basketball coach in Florida. Following a report made by a juvenile member of the team, the Levy County and Alachua County Sheriff's Offices launched an investigation into McCall's reported sexual abuse of minor boys. Officers obtained search warrants for McCall's residence and cell phone, and ensuing searches uncovered evidence of videos of minor males in the bathroom of McCall's home, where McCall had installed a camera. These videos depicted three different minors (one of whom was prepubescent) nude and engaged in sexual activity, with one video depicting a minor fully naked and engaged in sexual contact with McCall in the shower. On January 23, 2024, McCall was indicted on three counts of enticing a minor to produce a visual depiction of sexual conduct, in violation of 18 U.S.C. §§ 2251(a) and (e). McCall pleaded guilty to all three counts.

At sentencing, the government argued that McCall's actions in this case were extremely serious because they included not only

24-13078                Opinion of the Court                3

grooming behaviors and the abuse of trust and authority, but also escalating conduct over a period of years, culminating in surreptitious videotapes of solicited sexual acts and hands-on offenses. The district court agreed that McCall had inflicted great harm on others, and that his conduct was "highly predatory" and "egregious." But the district court also found that McCall had accepted responsibility for his actions and displayed genuine remorse. After making this finding, the district court imposed a lower-end guideline sentence of 240 months on counts one and two (concurrent with each other), followed by 240 months on count three (consecutive to counts one and two).[1] McCall objected that the sentence was unreasonably long in light of the mitigating factors that he had presented to the court. McCall timely filed a notice of appeal.

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th

---

[1] The guideline range was 360 to 1,080 months' imprisonment.

Cir. 2010) (en banc)).  The party challenging the sentence bears the burden of showing that the sentence was unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts.  *Id.*

The district court need not give all the § 3553(a) factors equal weight, and it has discretion to attach great weight to one factor over others.  *Id.* at 1254.  We will vacate a district court's sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (internal quotations omitted).  One indicator of reasonableness is whether the sentence falls well below the statutory maximum penalty.  *Id.*

The U.S. Sentencing Commission defines *de facto* life sentences as 470 months or more of imprisonment.  U.S. Sent'g Comm'n, Life Sentences in the Federal System at 16 (2022).  This Court has held that "a sentence which may result in a defendant passing away while in custody, however tragic, is neither automatically a life sentence nor presumptively unreasonable."  *United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018).  Further, we have "upheld [as reasonable] time and again sentences that will outlast a child pornographer's life."  *United States v. Isaac*, 987 F.3d 980, 996 (11th Cir. 2021).

Here, we conclude that the district court did not abuse its discretion in imposing a 480-month sentence. First, the district court properly considered "all the [§] 3553(a) factors," including "the seriousness of the offense" and "the need to deter this type of conduct"—*i.e.*, "sexual offenses against children"—"both with [McCall] and with the general public." The district court found that there were mitigating factors, such as the fact that McCall had accepted responsibility and seemed "genuinely remorseful." However, the court concluded that 40 years was an "appropriate sentence to protect the public" in light of numerous aggravating factors also present, including the "atrocious[ness]" and length of the overall conduct, the abuse of multiple victims, and the fact that McCall had violated the trust of children, over whom he maintained a position of authority, or in some cases, a father-figure role.

McCall argues that his *de facto* life sentence is substantively unreasonable because it "absorbs," "eliminates," and "contravenes" the court's findings regarding mitigation. Not so. The district court stated on the record that, absent mitigation, McCall's sentence would have been even longer, due to the egregiousness of his conduct. Moreover, a district court may, in its sound discretion, attach greater weight to certain factors over others, so long as it considers all the applicable § 3553(a) factors, which it did here. *Rosales-Bruno*, 789 F.3d at 1254. A district court does not "abuse its discretion and act unreasonably in imposing a sentence" simply because "the defendant either [is] highly unlikely to, or could not possibly, outlive" the sentence imposed. *Isaac*, 987 F.3d at 996. Based on our review of the record, we conclude that the district court

carefully considered the § 3553(a) factors (as well as the presentence investigation report, a psychological report submitted by McCall, and letters from McCall, his family, and his pastors), weighed those factors without making a clear error of judgment, and provided sufficient justification for the sentence imposed. Therefore, the district court did not abuse its discretion in imposing a *de facto* life sentence in spite of the mitigation present in the case.

Finally, we note that McCall's 480-month sentence was well below the statutory maximum penalty of 1,080 months. The district court imposed this "lower end" sentence, despite the egregiousness of McCall's conduct, precisely because it found that "there [was] mitigation here." Ordinarily, we "expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence that is "far below" the statutory maximum is a "strong indication" of its substantive reasonableness. *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023). As we have said, a trial court has broad discretion in imposing a sentence, and the burden is on the party challenging the sentence to show that it is unreasonable. *Rosales-Bruno*, 789 F.3d at 1254, 1256. "In the face of this discretion, it is only the rare sentence that will be substantively unreasonable." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013). This is not one of those rare sentences.

### III.

For the reasons stated, we hold that the sentence imposed by the district court was substantively reasonable and did not constitute an abuse of discretion.  We thus affirm McCall's sentence.

**AFFIRMED.**