**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10589

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CARLOS NUNEZ-INZUNZA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00271-RAL-TGW-1

_____

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Carlos Nunez-Inzunza appeals his sentence of 60 months of imprisonment for illegal reentry after deportation for an aggravated felony, which was an upward variance from the guideline

range of 30–37 months of imprisonment. Nunez-Inzunza argues that his 60-month sentence is substantively unreasonable because (1) his case was a "mine-run" illegal reentry case for which the average sentence is 12 months; (2) the district court failed to adequately consider the guideline range and placed too much weight on his criminal history, when his criminal history was already accounted for in the criminal history category and the total offense level; and (3) the district court ignored his mitigating factors and failed to give a compelling justification for the variance. We find no abuse of discretion and affirm the district court's sentence.

## I. BACKGROUND

Carlos Nunez-Inzunza is a Mexican native and citizen who was encountered by immigration officials at a Florida jail, where he initially provided a false name. He previously had been removed from the United States to Mexico six times between 1996 and 2006. Nunez-Inzunza illegally reentered the United States on or before May 4, 2014, as evidenced by his arrest on that date for driving without a valid driver's license.

Nunez-Inzunza was charged in an indictment with illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2) (Count 1). He pleaded guilty to Count 1 before a magistrate judge without a plea agreement, and the district court accepted his guilty plea and convicted him.

Nunez-Inzunza's presentence investigation report ("PSI") calculated a base offense level of 8 and applied a four-level enhancement for committing the instant offense after a conviction for

illegal reentry, an eight-level enhancement for a prior felony conviction after his first deportation, and a 3-level total reduction for acceptance of responsibility. Thus, his total offense level was 17.

Nunez-Inzunza had 14 prior arrests between 1992 and 2022 that resulted in 21 prior criminal convictions. His criminal history included two criminal immigration convictions, three convictions for sale or transportation of controlled substances, seven convictions for grand theft, two convictions for receiving stolen property, and six convictions for burglary of an unoccupied dwelling. He received criminal history points from only two of those convictions. He received 3 criminal history points for his 2001 federal convictions for attempted entry after deportation and making a false claim of citizenship, for which he received a sentence of 84 months of imprisonment and 3 years of supervised release. He also received 3 criminal history points for five sets of 2022 Florida convictions for burglary and grand theft arising from burglaries into dwellings where he stole appliances, for which he received sentences of 36 months of imprisonment and 5 years of probation. His six total criminal history points resulted in a criminal history category of III. Finally, he was arrested four other times on charges that did not result in any conviction.

Nunez-Inzunza's guideline imprisonment range was 30 to 37 months, and the statutory maximum for his conviction was 20 years of imprisonment.

At sentencing, the district court adopted the PSI, noting no objections, and calculated an offense level of 17, criminal history

category of III, and guideline imprisonment range of 30 to 37 months. Nunez-Inzunza requested a sentence on the lower end of the guideline range because of his childhood family trauma and medical condition. The government requested a 37-month sentence, at the high end of the guideline range, because of Nunez-Inzunza's repeated deportations, criminal history that spanned over 30 years, and "use of over a dozen aliases."

The district court sentenced Nunez-Inzunza to 60 months of imprisonment and 36 months of supervised release following his term of imprisonment, an upward variance from the guideline range. Neither party objected to the sentence.

## II. STANDARD OF REVIEW

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation modified).

The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

### III. DISCUSSION

At sentencing, the district court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment and adequate deterrence, and protect the public, and the guideline range. A district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence. *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022).

We have emphasized that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (citation modified). The district court also does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the guideline range. *Id.* at 1259–60. Still, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259.

The district court also has wide discretion to decide whether a case is a "mine-run" or whether the § 3553(a) factors justify a variance. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). Though a major variance should be supported by a more

significant justification than a minor variance, the district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing. *Gall*, 552 U.S. at 50; *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016) (upholding a 60-month upward variance even though the defendant was a drug addict with unresolved parental trauma). Heavily weighing a defendant's criminal history is "entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C), (a)(6). Where a defendant's criminal history is particularly extensive, it is within the district court's discretion to determine that the case is "outside the heartland" of the typical cases considered by the sentencing guidelines and apply an upward variance. *See Rosales-Bruno*, 789 F.3d at 1266.

We do not presume that a sentence outside the guideline range is unreasonable and give deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. *Irey*, 612 F.3d at 1187. The sentencing court may impose an upward variance if it concludes that the guideline range was insufficient in light of a defendant's criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009); *Osorio-Moreno*, 814 F.3d at 1288 (holding that a statutory maximum sentence of 120 months, even though outside the guideline range of 51-63 months, was substantively reasonable where the defendant convicted of illegal reentry had 20 prior convictions and the sentence needed to promote deterrence and respect for the law). An indicator of a reasonable

sentence is one that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, Mr. Nunez-Inzunza claims that his case is a "mine run" illegal reentry case. As such, he argues that the district court's upward variance of 33 months was substantively unreasonable. We disagree. This case is not a "mine run" illegal reentry case, and the district court did not abuse its discretion by finding as such. Nunez-Inzunza's extensive criminal history supports this conclusion. As the district court observed, Nunez-Inzunza had been deported six times. And the PSI—to which there were no objections—reported that he had incurred 21 prior convictions over the course of 30 years and that only 2 of his criminal cases had received criminal history points. The district court also observed that he previously served an 84-month sentence for illegal reentry but had not been deterred from reentering illegally again. The district court also reasoned that an upward variance was warranted because Nunez-Inzunza is a "danger to the community." Therefore, given Nunez-Inzunza's significant criminal history and continuous string of illegal reentries after being deported, the district court did not abuse its discretion in determining that Nunez-Inzunza's case was not a mine-run illegal reentry case and imposing an upward variance sentence.

Nunez-Inzunza also argues that the district court abused its discretion by granting undue weight to his criminal history in the court's decision to impose an upward variance sentence. We

disagree. While the upward variance was nearly double the guideline range, the district court explained the reasons for its upward variance. *Gall*, 552 U.S. at 50. The district court explained that the upward variance reflected its concern for providing just punishment, protecting the public, and deterring future criminal conduct—all of which are recognized statutory factors that it may consider. 18 U.S.C. § 3553(a)(2)(A)–(C); *Sanchez*, 586 F.3d at 936. Moreover, the district court's sentence, though an upward variance, is still fifteen years below the statutory maximum sentence that Nunez-Inzunza could have received, which supports the reasonableness of the sentence. *Dougherty*, 754 F.3d at 1364. And because Nunez-Inzunza had numerous prior offenses that were not accounted for in the calculation of his criminal history category, we reject his argument that his criminal history category already captured his prior criminal conduct. The district court, in its discretion, determined that the guideline range underrepresented Nunez-Inzunza's criminal history and, therefore, concluded that an upward variance was appropriate. *Sanchez*, 586 F.3d at 936; *Osorio-Moreno*, 814 F.3d at 1288. We find no abuse of discretion on this ground.

Finally, Nunez-Inzunza asserts that the district court abused its discretion by weighing his criminal history more heavily than his proffered mitigating factors. We find no abuse of discretion. It was squarely within the district court's discretion to weigh Nunez-Inzunza's criminal history more heavily than his mitigating factors. *Rosales-Bruno*, 789 F.3d at 1254; *Osorio-Moreno*, 814 F.3d at 1288. That the district court did not explicitly mention Nunez-Inzunza's mitigating factors in its discussion at the sentencing hearing does

not mean that it failed to consider them. *Butler*, 39 F.4th at 1356. We note that the district court heard Nunez-Inzunza's arguments during the sentencing hearing and acknowledged them. Thus, there is no indication that the court abused its discretion by failing to assess Nunez-Inzunza's mitigating factors.

## IV. CONCLUSION

The judgment of the district court is **AFFIRMED**.