**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13995

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JASEN L. HARVEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00183-RBD-EJK-2

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Jasen Harvey appeals his 48-month sentence, imposed after he pled guilty to conspiracy to defraud the United States.  Mr. Har-

vey argues that his sentence was procedurally unreasonable because the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors and failed to sufficiently explain its chosen sentence. He also contends that his sentence is substantively unreasonable because the court placed excessive weight on his prior violations of court orders, resulting in a sentence that was greater than necessary.

After a review of the parties' arguments and the record, we affirm Mr. Harvey's sentence.

## I

A federal grand jury charged Mr. Harvey and several codefendants in a multi-count indictment. The indictment charged Mr. Harvey with one count of conspiracy to defraud the United States; nine counts of aiding and assisting in the preparation of false tax returns; and two counts of criminal contempt for violating injunctions that had been entered against him in a federal civil case.

Mr. Harvey entered into a written plea agreement in which he agreed to plead guilty to Court One of the indictment, which charged him with conspiracy to defraud the United States, in exchange for the government's dismissal of the other charges against him. In the plea agreement, Mr. Harvey confirmed that he had prepared and filed false and fraudulent tax returns. These returns requested large tax refunds based on false claims about federal income tax withholdings. He also agreed that he had defied a preliminary injunction issued on or about February 18, 2020, by continuing to prepare and file over 30 returns for clients of Harveys

Tax Service, as well as a permanent injunction issued on or about February 24, 2020, by continuing to operate Harveys Tax Service and by preparing and filing at least five returns for clients. The district court accepted Mr. Harvey's guilty plea and adjudicated him guilty of Count One.

Under the Sentencing Guidelines, Mr. Harvey had an advisory guideline range of incarceration of 30 to 37 months. The government requested a sentence of 37 months' imprisonment. Counsel for Mr. Harvey, in contrast, asked the district court to impose a downward departure and downward variance from the applicable range and for an alternative sentence "of home confinement or alternative confinement[.]" D.E. 306 at 16–20. Among other things, counsel argued that Mr. Harvey supported his two minor children and elderly mother, is in poor health and suffered a stroke, and had a negligible risk of recidivism given his age, disability, and status as a first-time offender who admitted responsibility.

The district court varied upward and imposed a sentence of 48 months' imprisonment. The court explained that the guidelines did not "accurately captur[e] [Mr. Harvey's] culpability in the need for a sentence," and that the upward variance was necessary "to avoid disparity in sentencing with respect to the sentence imposed on [one of Mr. Harvey's co-defendants]." D.E. 306 at 28. *See also id.* at 27 (explaining that Mr. Harvey was "more culpable" than a co-defendant because he was "in the business of preparing tax returns" and "took advantage of that position"). The court also

stated that its sentence took into account "all the advisory sentencing guidelines and all the factors identified in [18 U.S.C. § 3553(a)(1)–(7)]" and was "sufficient but not greater than necessary to achieve the statutory purpose of sentencing." *Id.* at 31.

The district court further reasoned that "the aggravating factors markedly outweigh the mitigating factors and necessitate a sentence in excess of the guidelines." D.E. 306 at 31. For example, the court found that Mr. Harvey was "vital to the success of a large-scale fraud on the Internal Revenue Service that resulted in an intended loss of over $3 million and an actual tax loss of over $1.5 million" and "abused [his] position as a professional tax preparer by submitting false tax returns." *Id.* at 25–26. Additionally, the court "look[ed] at the related case information" from a civil federal matter where the United States had sued Mr. Harvey. *Id.* at 26. Specifically, the court considered that, in an "incredible display of disrespect for the law," Mr. Harvey had violated two federal court orders in that case: a preliminary injunction order and a permanent injunction order, both of which had instructed him to cease and desist his unlawful conduct. *See id.* The court explained:

> You violated after you were served with a copy of an order from United States District Judge William Jung in Tampa instructing you to cease and desist and to stop this unlawful conduct. You ignored the Court's order. You were then later served with a permanent injunction which provided you with the same information, instructed you to cease

> and desist. You ignored that federal
> judge's order and continued with your
> unlawful conduct.

*Id.* The court also stated that Mr. Harvey had "proceeded full speed ahead" with his unlawful conduct even after "[t]he I.R.S. had already told [him]" to cease and desist and a federal judge had ordered him to cease and desist the "unlawful" conduct. *Id.* at 27. Based on this conduct, the court concluded: "[I]t's hard for me to imagine a set of circumstances . . . that would demonstrate more clearly that you don't have much respect for the law at all." *Id.*

Mr. Harvey now appeals his sentence of imprisonment.

## II

We review the procedural reasonableness of a sentence for abuse of discretion. *See United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020). "In reviewing a sentence for procedural reasonableness, we must '"ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."'" *United States v. Grushko*, 50 F.4th 1, 17 (11th Cir. 2022) (quoting *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008)). "When explaining a sentence, the district court must 'set forth enough to satisfy [us] that [it] has considered the parties' arguments and has a reasoned

basis for exercising [its] own legal decisionmaking authority.'" *Id.* (alterations in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

"The district court is not required to discuss each factor individually if it acknowledges that it considered the defendant's arguments and the § 3553(a) factors." *Id.* at 17–18.  Moreover, "[a] district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (internal quotation marks and citation omitted).  Rather, an acknowledgment by the district court that it "considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.* (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)).  "When imposing a variance, 'a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.'" *Id.* at 1355 (alterations omitted) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)).

The government argues that Mr. Harvey did not preserve his procedural reasonableness challenge at sentencing.  Assuming without deciding that Mr. Harvey sufficiently preserved this argument, we conclude that his sentence was procedurally reasonable.

The district court considered the § 3553(a) factors and explained the reasons for its upward variance, including Mr. Harvey's culpability compared to a codefendant, his critical role in the fraud,

the "large-scale" of the fraud on the IRS, and his defiance of court orders relating to "this particular tax fraud."  D.E. 306 at 24–26. The court's explanation for its sentence was thorough and touched on several of the § 3553(a) factors, including deterrence, the need to promote respect for the law, and the need to avoid an unwarranted sentence disparity with a co-defendant who the court deemed less culpable.  The court also stated at the sentencing hearing that it considered "all matters in mitigation."  *Id.* at 23–24 ("I've had a chance to review carefully the Presentence Report, the sentencing memorandums that were submitted for my consideration, as well as all of the documents, character letters, and matters in mitigation.  I've heard the arguments of the lawyers and your own allocution.  I've also reviewed Title 18 of the United States Code, Section 3551 and 3553.  The nature and circumstances of the offense are extraordinarily serious . . . .").

On this record, we discern no abuse of discretion in the district court's explanation of its sentence.  Given that explanation, we are "satisf[ied]" that the district court "considered the parties' arguments" and expressed a "reasoned basis" for its variance.  *Grushko*, 50 F.4th at 17 (quoting *Rita*, 551 U.S. at 356).  Accordingly, Mr. Harvey's sentence was procedurally reasonable, and we affirm on this ground.

### III

We also review the substantive reasonableness of a sentence for abuse of discretion.  *See United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023).  That standard "'allows a range of

choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quoting *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc)).  Under this standard, "[w]e will vacate a sentence as substantively unreasonable 'if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Id.* (alterations in original) (quoting *Irey*, 612 F.3d at 1190).

A district court abuses its discretion and imposes a substantively unreasonable sentence "when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *Oudomsine*, 57 F.4th at 1266 (quoting *Irey*, 612 F.3d at 1189).  "A district court does not have to give all the factors equal weight, and it has discretion to attach great weight to one factor over others." *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) (internal quotation marks and citation omitted).  In general, a district court is "not required to state on the record that it explicitly considered each § 3553(a) factor or to discuss each factor." *Oudomsine*, 57 F.4th at 1265.  Rather, "[i]t is enough that the record reflects the court's consideration of the sentencing factors and the parties' arguments." *Id.* (citation omitted).  Finally, "although the district court has discretion to impose a sentence outside of the guideline range,

a major variance requires a more significant justification than a minor one." *Grushko*, 50 F.4th at 20.

Mr. Harvey argues that his sentence was substantively unreasonable because the district court placed excessive and undue weight on a single § 3553(a) factor to the exclusion of all others. Specifically, he contends that the district court, in weighing the § 3553(a) factors, disproportionately considered his conduct in a previously resolved federal lawsuit for which he had faced civil contempt sanctions. According to Mr. Harvey, the court at sentencing did not address significant mitigating factors such as "Mr. Harvey's zero criminal points, his acknowledgment of responsibility, his guilty plea," and his age and health conditions. *See* Appellant's Br. at 19–20.

Given the record and our deferential review, we conclude that Mr. Harvey's 48-month sentence is not substantively unreasonable. The district court did not unreasonably weigh Mr. Harvey's past violations of court orders from a "related case" where he had been sued by the United States. *See* D.E. 306 at 26. Instead, the district court acted within its discretion in considering those violations as part of its assessment of Mr. Harvey's culpability and its finding that "the scope and scale of this particular tax fraud was widespread." *Id.* at 26.

Mr. Harvey also argues, it seems, that his 48-month sentence was both substantively and procedurally unreasonable because the district court did not "adequately justify" why its upward variance

was not greater than necessary to accomplish the goals of sentencing and also did not "explain why a lesser sentence would have failed to sufficiently deter criminal conduct while still reflecting the seriousness of the crime, promoting respect for the law, and providing just punishment for the offense." Appellant's Br. at 21, 23–24. "[T]he adequacy of a district court's findings and sentence explanation is a classic procedural issue, not a substantive one." *Irey*, 612 F.3d at 1194. And, as discussed above, the district court did not abuse its discretion in imposing and explaining its sentence. *See id.* at 1195 ("No member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter.").

Mr. Harvey has not shown that the district court "'arriv[ed] at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Irey*, 612 F.3d at 1190 (quoting *Pugh*, 515 F.3d at 1191). We affirm his sentence on this basis, as well.

## IV

Because Mr. Harvey's sentence was procedurally and substantively reasonable, we affirm.

**AFFIRMED.**